No. 12,024.

WILLIAM WINTER vs. ISIDORE M. DAVIS.

A writ of attachment was sued out by plaintiff under the fourth and fifth clauses o. Article 240, C. P.

The defendant moved to dissolve on the ground that the affidavit was untrue.

The District Judge dissolved the attachment.

Fraud is not always to be presumed from a breach of contract, when the broken promise will admit of an interpretation favorable to honest intention.

The facts do not show that the failure to deliver cotton (the basis of the attachment) was with intent to defraud creditors.

The law allows the husband to make a transfer *en paiement* to his wife. The settlement with his wife can be corrected by his creditors if it was erroneous and to their prejudice.

A statement of assets and liabilities by the defendant to one who was his creditor, in order to obtain advances, made some time prior to the date of plaintiff' claim, is not ground sufficient for an attachment.

A breach of contract and failure to forward all the cotton promised will not under all circumstances justify an attachment.

APPEAL from the Second Judicial District Court for the Parish of Iberville. *Watkins, J.*

*Wise & Herndon* for Plaintiffs, Appellants.

---

*Ben. P. Edwards* and *J. A. Dorman* for Defendants, Appellees, cite:
·32 An. 348, 340, 344; 35 An. 285, 399; 41 An. 227; 45 An. 518; 37
An. 722; 43 An. 1062; 46 An. 1337; 47 An. 17; C. P. 240; 22 An. 531;
·24 An. 82, 586; 26 An. 258; 28 An. 258, 309; 30 An. 396.

---

Argued and submitted January 23, 1896.
Opinion handed down February 10, 1896.

---

The opinion of the court was delivered by

BREAUX, J. The plaintiff in October, 1893, caused a stock of goods
·and other personal property of the defendant to be attached. About
the same time a number of other creditors also caused attachments
to issue. The attachments were made under the fourth and fifth
·clauses of Art. 240 of the Code of Practice.

The defendant filed motions to dissolve on the ground that the
affidavit was untrue.

The District Judge dissolved the attachments and plaintiff appeals.

The defendant had a general country store in the town of Arcadia.
His stock of goods was large, and he was indebted in a large amount.
It is a disputed question whether he was solvent at the date of the
·attachments. The evidence upon that point is not clear and con-
clusive. He sold goods in the ordinary course of his trade; paid a
few of his creditors, and carried on such transactions as are not
unusual with men engaged in active business. It is evident that
there was no system in his business, and that it was conducted
without much regard to those principles essential to success. Such
·defects and want of business tact and ability are not ground for
·attachment. Unless it be shown that there was an intent to de-
fraud, the attachment must fail. The intent to defraud was not
·shown; moreover, the sales and transactions do not seem to have
been made with a well formed design to defraud creditors, how-
·ever much they may have been sufficient to excite the anxiety of
·a careful creditor, seeking to avoid a loss.

A debtor may be ignorant of the facts and circumstances pertain-
:ing to his business and yet not be exposed to that writ. He may not

know the number of bales of cotton he had received at the date of the attachment and not remember which of his creditors he had paid, nor the amount of his assets and the sum of his liabilities (possibly unknown quantities to him) without fraudulent intent toward his creditors. These and other facts proven in the case may be incidents of fraud but are not in themselves a fraud, perpetrated or intended. An attachment based upon Nos. 4 and 5 of Art. 240, C. P., must be supported by proof of an act or acts showing the fraudulent intent of the defendant to place his property beyond the reach of his creditors or to give an unfair preference to some of them.

It is not evident that, prior to the attachment, there was fraudulent concealment of property to prevent its seizure under the writ.

The plaintiff, as one of his principal grounds, urges, in support of the writ, that the defendant transferred property to his wife. That question was considered and decided in Wilson vs. Chalaron, 26 An. 641. The court said in that case, that the *dation en paiement* to the wife will not be sufficient to sustain the attachment upon grounds similar to those alleged here.

The payment to the wife was made under a provision of the Civil Code. The amount transferred to the wife was small as compared with the gross assets of the plaintiff. If the settlement was erroneous and to the prejudice of creditors, they are not without remedy. The notes and accounts were, it seems, transferred to the wife after the attachment had been served.

It is also urged that the defendant, Davis, bought a stock of goods for about thirty thousand dollars; that at the time, and to enable him to make this purchase, he made a statement to one of his creditors of his financial condition in which he showed assets: twenty-two thousand nine hundred and eighty dollars; total liabilities: five thousand seven hundred dollars; while his ledger showed an indebtedness of a much larger amount.

However reprehensible and false the sworn statement may have been, the fact remains that it was made prior to defendant's agreement with plaintiff to consign cotton to him to be credited on the loan. It was made to creditors, who, presumably, were paid before the attachment issued, for the firm's name does not appear on the list of creditors of the defendant. It might have been different if the defendant, under similar circumstances, had made false statements in regard to his assets and liabilities to the plaintiff here,

at the time of the agreement between them and the latter's loan to the former.

"The defendant, for the purpose of obtaining credit, stated that his indebtedness was a certain sum, when in fact he knew it to be much larger. Upon the faith of the statement the *plaintiffs* gave him credit. Held that the transaction was a fraud *upon the plaintiffs*, and was sufficient ground for suing out a writ of attachment." Rosenthal vs. Wahl, 58 Wisconsin, 621. Here there was no statement made to the plaintiff, and the statement was made prior to plaintiff's claim. Moreover, prior to plaintiff's loan the total indebtedness of the defendant was much less than plaintiff alleges it was.

It is further urged by the plaintiff that the defendant was under obligation to buy cotton and ship it to him; that throughout September and to the 7th day of October, 1893, he seemed to have shipped to him, Winter, in accordance with his contract; that on the 7th of October he, despite the contract, shipped about thirty bales of cotton to others than plaintiff, and received the money therefor.

The advances, as we understand, were not made for the sole purpose of buying cotton. They were made to aid the defendant in his business. He, as an inducement, promised to ship cotton to the plaintiff, which the latter was to sell and pay himself from the proceeds. There was a breach of contract, a failure to comply with an obligation; not of such a character, however, as to justify an attachment. The evidence shows that the amount of *sales of cotton to others than plaintiff was* small as compared with defendant's assets and the amount of his business, and that it was applied to the payment of debts to creditors pressing him for payment. There was but little cotton for sale at the time, and that the defendant, in consequence, was disappointed, as the opportunity for buying was much less favorable than it had been in previous years. It is also in evidence that the sales in defendant's business were conducted on a reasonable basis as to prices.

It is not evident that the intention of the defendant was to place his property beyond the reach of his creditors, or to dispose of it so as to give an unfair preference. These are essentials to sustain an attachment. Hernsheim vs. Levy, 32 An. 340. The condition of defendant's business, we have already stated, was such as to give the average creditor concern and some anxiety, particularly as the amount was large and defendant's ability to pay uncertain. He had

a large stock, and possibly he had reason to think, by adopting the course he did, he would succeed in overcoming his financial troubles. There is uncontradicted evidence of record in support of that theory.

However conclusive the grounds urged are against all possible claims for damages for illegal attachment, they are not sufficient to sustain the attachment.

Food and poison are quite distinct, and yet they sometimes so nearly approach that it is impossible with absolute certainty to select between the two.

Error and fraud are equally distinct; none the less in some cases they approach so nearly that it is difficult to decide with absolute certainty which term we ought to choose. The error here, the violation of duty, was not the *fraudem legis* denounced by the statute.

We agree with the District Judge in the conclusion that the error committed was not of the kind which justifies the writ.

The judgment appealed from is affirmed.