**HARRISON v. ATLAS SIGNCRAFTS CO. et al. (SHREVEPORT CHAMBER OF COMMERCE, Garnishee).**

No. 6197.

Court of Appeal of Louisiana. Second Circuit.

Feb. 4, 1941.

Charles E. Tooke, Jr., of Shreveport, for appellant.

Samuel P. Love, Neckley M. Ferris, Isaac Abramson, and M. T. Monsour, all of Shreveport, for appellees.

TALIAFERRO, Judge.

Plaintiff, for his own account and as assignee of C. M. Ward, W. A. Howard, Bennie Orea, Harold L. Smith and C. C. Branch, instituted this suit against Atlas Signcrafts Company, alleged co-partnership, to recover amounts averred to be due to plaintiff and said named persons for services rendered and labor performed; and for One Hundred ($100.00) Dollars as attorney's fee. The partnership is alleged to be composed of Harold McClung and J. L. Duke. A writ of attachment was sued out and the Shreveport Chamber of Commerce was cited as garnishee. It is alleged that the garnishee has in its hands "a certain sum of money belonging to said partnership". To procure the issuance of said writ, plaintiff alleged:

"That your petitioner has been informed by one of the members of the partnership that when and at such time as said funds come into the hands of the partnership, that it shall be used to pay other creditors than your petitioner, and that your petitioner will not be paid out of these funds. That your petitioner knows of no other property, funds or credit from which he might obtain payment.

"That in view of the foregoing information and advice, your petitioner believes and so believing alleges that unless a Writ of Attachment issue herein, the said debtor will put into effect his intention to defraud them and give unfair privilege to the other creditors of the insolvent partnership."

It is also averred that the partnership is insolvent.

The Atlas Signcrafts Company and J. L. Duke filed a joint motion to dissolve the attachment on the following and other grounds, viz:

"That the allegations of the petition are not sufficient basis for the issuance of the writ;

"That the allegations of plaintiff's petition forming the basis for the issuance of the writ of attachment and garnishment are false and untrue."

By way of reconvention, these movers sue to recover a reasonable attorney's fee for services rendered in dissolving the writ which they fix at One Hundred Fifty ($150) Dollars, and for the following special damages, to-wit:

For humiliation, mortification and
   injury to social standing........ $100.00
For injury to credit and financial
   standing ..................... 250.00

McClung also moved to dissolve the attachment on the grounds that the petition disclosed no right nor cause of action therefor; that the attachment and garnishment thereunder are without effect as no interrogatories issued to the garnishee; that the allegations made the basis for the issuance of said writ are untrue. He prays for dissolution of the writ with judgment for Fifty ($50) Dollars as counsel fee for services rendered therein.

The writ of attachment, after trial in advance of the merits, was dissolved, and plaintiff was condemned to pay Fifty ($50) Dollars as attorney's fee. He appealed.

The Atlas Signcrafts Company and Duke answered the appeal. They urge increase in the award of attorney's fee to One Hundred Fifty ($150) Dollars, and pray for judgment for the full amount of damages on the other grounds set out in the motion.

Presumably, plaintiff, in provoking the issuance of the writ, conceived that the facts warranted him in predicating his right thereto upon Sections 4 and 5 of Art. 240 of the Code of Practice, which read as follows:

"4. When he has mortgaged, assigned or disposed of, or is about to mortgage, assign or dispose of his property, rights or credits, or some part thereof with intent to defraud his creditors or give an unfair preference to some of them.

"5. When he has converted, or is about to convert his property into money or evidences of debt, with intent to place it beyond the reach of his creditors."

But the petition neither literally nor substantially embodies the language of these sacramental provisions. The writ of attachment is the harshest of conservatory writs, and to justify its issuance the petition should clearly disclose right thereto. Nowhere is it alleged that defendant has mortgaged, etc. its property, or is about to mortgage, etc. the same or a part thereof, to defraud its creditors or give an unfair preference to some of them; nor does he allege that defendant has converted or is

about to convert its property into money or evidences of debt with intent to place it beyond the reach of its creditors or to defraud them. He does allege that he has been informed that when the amount due the partnership by the garnishee is collected, it will be paid over to other creditors; and that unless a writ of attachment issues the "debtor will put into effect its intention to defraud him and give unfair privilege to the other creditors of the insolvent partnership". However, the intention to defraud is not affirmatively alleged. Because the debtor may intend to pay over to certain creditors an amount he hopes to collect from his debtor, does not necessarily mean that he is actuated by fraudulent motives. Good and valid reasons could exist to support the rectitude of his intentions. Such is done daily in business life.

■ We are of the opinion that the allegations of the petition did not warrant the issuance of the writ of attachment and in this respect the petition does not disclose a cause of action.

■■ The writ is also vulnerable on the grounds that the allegations made to obtain its issuance, faulty as they are, were wholly untrue.

The Atlas Signcrafts Company is owned exclusively by J. L. Duke. He conducted his business of sign painting, etc. under that title as a trade name. Neither he nor the business, as such, was insolvent when the attachment issued. Assets of the business, free of encumbrance, were well worth Two Thousand ($2,000) Dollars, and, in addition, bills receivable amounted to Twelve Hundred ($1,200) Dollars.

Before this suit was filed, Duke and McClung entered into a business arrangement whereby the assets of the Atlas Signcrafts Company were leased unto McClung and he thereafter, on his own responsibility, carried on the business formerly done by Duke. Under this agreement Duke was to receive twenty per cent of the gross receipts. McClung was authorized to make all contracts, buy and pay for material, employ and pay laborers, and to use the trade name and its credit in doing so.

It is contended by plaintiff that the relationship between these parties, under the above stated facts, was that of partners. This question is not before us. It goes to the merits of the case.

The contract with the Chamber of Commerce was made by Duke but turned over to McClung for execution, with the understanding that neither he nor Duke would receive any part of the price of the work until all bills had been paid. McClung abandoned the contract between him and Duke before the contract with the Chamber of Commerce was completed. Duke completed it. It was his intention, and he so stated, to first pay the furnishers of material to complete the contract from the balance due on the price. The record is barren of any testimony whatever to support the allegation and argument that defendant had any purpose in mind or intention to defraud plaintiff and/or his assignors, or, to their prejudice give an unfair preference to other creditors; nor did Duke or McClung do or say anything which, to any extent, reflects such an intention or purpose. This being true, the writ must fall. Winter v. Davis, 48 La.Ann. 260, 19 So. 263; General Motors Acceptance Corp. v. Sneed, 167 La. 432, 119 So. 417; Palmer v. Hightower, 47 La.Ann. 17, 16 So. 560.

■ The Chamber of Commerce was not served with the customary interrogatories and, therefore, did not answer the process actually served on it. However, it did file in court a check for the amount due by it under the contract with defendant together with a petition designed to provoke a concursus between all persons interested therein; particularly, defendant, McClung and Duke, and plaintiff and his assignors. Exception to the procedure and to the court's jurisdiction were filed and overruled. We are asked to pass on the correctness of these rulings. Neither is now before us.

■ No effort was made to levy on any property under the attachment save the amount due by the Chamber of Commerce. That effort was abortive for failure to literally follow legal requirements pertinent to garnishment process.

■ The pendency of the action and the issuance of the writ naturally served to annoy Duke, as the owner of the Atlas Signcrafts Company, to some extent, but the record does not disclose that he was to any extent humiliated thereby, nor suffered injury to social standing or financial credit. The lower court rejected the claim for damages in these respects, and we think properly so.

■ The award for counsel fee for services in the dissolution of the writ is adequate, in view of the facts and circumstances of the case.

Therefore, for the reasons herein assigned, the judgment appealed from is affirmed, except in so far as it omits to fix liability for costs incurred in the issuance, attempt to levy and dissolution of the writ of attachment. The judgment is amended by casting plaintiff for these costs and those incurred in this court.