On Rehearing
AYRES, Judge.
A rehearing was granted herein to afford a consideration of the question of the court’s jurisdiction or authority to review, under the appeal taken herein and the answer thereto, the judgment of April 4, 1961, pronouncing upon the merits of the matter at issue between plaintiff and defendant. The facts necessary for this consideration will again be briefly stated.
Plaintiff, by this action, sought recovery of the defendant upon a promissory note secured by chattel mortgage upon a Ford truck, and a vendor’s lien and chattel mortgage on a Chevrolet automobile. Under a writ of sequestration, this truck and the automobile were seized. Defendant answered plaintiff’s demands under date of February 1, 1961, and then, under date of March 21, 1961, filed a motion to dissolve the sequestration, as to the pickup truck, with damages. The motion to dissolve was tried March 30, 1961, and sustained, with an award of damages in the sum of $250 in the nature of attorney’s fees. Formal judgment dissolving the sequestration and awarding damages was signed April 3, 1961. From that judgment, orders of appeal were immediately granted to plaintiff, Tri-State Finance Corporation. The appeal was perfected by the filing' of an appropriate bond on April 25, 1961. The case, on its merits, was tried and judgment was rendered and signed on the day following the rendition and signing of the judgment sustaining the motion to dissolve and the entry of orders of appeal.
Plaintiff’s appeal from the judgment dissolving the sequestration and awarding damages was answered by defendant, which answer would tend to place at issue, on the appeal, not only matters incidental to the judgment appealed but matters appertaining to the judgment on the merits. Such answer purports to present a question of defendant’s liability on the obligation sued upon and plaintiff’s entitlement to a judgment thereon.
We may point out that, on the original hearing, this court considered that all issues presented by the motion to dissolve, as well as on the merits of the case, were encompassed by plaintiff’s appeal from the judgment on the motion to dissolve and by defendant’s answer to that appeal. In fact, counsel for both plaintiff and defendant briefed all such issues as if properly before the court. The matter was thus considered and judgment rendered accordingly. Attention was, however, directed in a dissent, and later in a motion for rehearing, to the possible lack of jurisdiction of the matters concerned in the judgment on its merits.
The matter presented for determination is whether an answer to an appeal from a judgment on a motion to dissolve a sequestration and an award of damages may bring up for consideration matters subsequently determined by the trial court, as to the merits of the case, on which a separate judgment was rendered and signed and from which no appeal was specially taken. Preliminary to a discussion of the question presented, we may point out that, by statute, as well as in the jurisprudence, the rule is well established that, until an appeal from a judgment is perfected, the trial court is not divested of jurisdiction, nor is the appellate court invested with jurisdiction. LSA-C.C.P. Art. *107 2088; Ilardo v. Agurs, 226 La. 613, 76 So.2d 904; Vaughn v. American Bank & Trust Co., 223 La. 479, 66 So.2d 4; Borgnemouth Realty Co. v. Gulf Soap Corporation, 211 La. 255, 29 So.2d 841; Mundy v. Phillips, 157 La. 445, 102 So. 519.
Therefore, inasmuch as no appeal was taken from the judgment rendered on trial of the merits of this cause, it can only be reasoned that the trial court has not been divested of jurisdiction, nor that this court has been invested with jurisdiction of the merits of this case. Thus, generally, it may be said that a judgment, order, or decree, or part thereof, which has not been appealed from is not before an appellate court for review. Hence,
“ * * * an appeal from one of several judgments, orders, or decrees does not authorize the review of any other judgment, order, or decree; and this is so however closely they may be united. * * * ”,
and this
“ * * * rule applies where the judgments, orders, or decrees are entered in distinct actions or proceedings.”
5 C.J.S. Appeal & Error § 1472, pp. 729-731.
Also, on an appeal from an interlocutory decision, usually only the decision from which the appeal was taken will be reviewed. Where an appeal from such a decree is authorized, the rule is stated:
“ * * * in such a proceeding the appellate court will not review another interlocutory decision from which no appeal was taken, * * * nor will it .review a final judgment or decree. An authorized appeal from an interlocutory decision brings up for review only the decision from which the appeal was taken, even though the appeal from the interlocutory decision is taken after the entry of the final judgment.”
5 C.J.S. Appeal & Error § 1494, pp. 815, 816.
This court, in Harrison v. Atlas Signcrafts Co., La.App.2d Cir., 1941, 200 So. 173, refused to consider questions pertaining to the merits of a controversy on an appeal from a judgment dissolving a writ of attachment rendered in advance of the trial of the case on its merits.
Therefore, we are of the opinion that the trial court was not divested of jurisdiction of the merits of this cause, nor that this court was invested with jurisdiction thereof by the appeal taken by plaintiff from the judgment sustaining a motion to dissolve the sequestration in awarding damages for the wrongful seizure made thereunder.
Appellee contends, however, that, by its answer to the appeal, the correctness of the judgment as to the merits of the cause is before us for review. Reliance is made upon LSA-C.C.P. Art. 2133. This article provides that an appellee shall not be obliged to answer an appeal unless he desires to have the judgment modified, revised, or reversed in part, or unless he demands damages against the appellant. The effect to be given is that
“ * * * The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against Mm and of which he complains in his answer.” (Emphasis supplied.)
As clearly observed from this portion of the article, the answer must pertain or .relate to some portion of the judgment appealed. The judgment appealed did not pertain to the merits of the case and, therefore, the issues presented as to the merits may not be, in the manner undertaken, brought up for review. Had the merits of this cause never been tried nor judgment rendered predicated thereon by the district court, such facts would only serve to confirm the correctness of the proposition that an appeal from an interlocutory deci *108 sion does not confer jurisdiction of the merits of the case upon an appellate court, nor that such jurisdiction of the merits can he conferred by an answer to an appeal taken from an interlocutory decision.
Nevertheless, we are urged to consider the merits of this cause under the provisions of LSA-C.C.P. Art. 2164. This article provides that
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.”
As stated in the comments of the .reporters:
“The purpose of this article is to give the appellate court complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed on by the court below. This article insures that the ‘theory of a case’ doctrine, which has served to introduce the worst features of the common law writ system into Louisiana is not applicable to appeals under this Code. * * *”
The answer to this urging of appellee is that the article contemplates matters and issues over which the appellate court has jurisdiction. We conclude, therefore, that we were without jurisdiction to consider, and were in error in considering, matters pertaining to the merits of this cause as urged upon us through appellee’s answer to plaintiff’s appeal from the judgment dissolving the sequestration and awarding damages for the wrongful exercise of that process. That portion of our decree reversing the judgment of the trial court upon the merits of this cause is, therefore, erroneous and our decree must be accordingly amended.
For the reasons assigned, our original decree is amended by deleting therefrom the following provision:
“ * * * otherwise, said judgment is reversed and set aside and the plaintiff’s demands are rejected. * * *”
and, as thus amended, our original decree is reinstated.
Amended and reinstated.