The opinion of the court was delivered by
Blanchard, J.
The accused appeals from a conviction for petit larceny and a sentence of six months in the parish jail.
Por reversal of this verdict and sentence he relies on two bills of exceptions and an assignment of error filed in this court.
The prosecution was on information charging the stealing of two coils of barbed wire alleged to be “ of the goods, chattels and property of one Arthur Dobard,” etc.
In a motion for new trial the accused represented that the State had failed to prove the wire was the property of Dobard, and that proof of ownership, as laid in the information, must be made to justify conviction. He further averred that the barbed wire had been part of a provisional fence between certain properties, that Dobard was not the owner of either property, and, therefore, not the owner of -the fence or any part of the wire taken from it. He made a part of his motion certain records which he claimed showed want of ownership and interest of Dobard, the prosecuting witness, in the wire alleged to have been stolen. This motion seems to have been regularly tried, evidence adduced and argument of counsel had. It was taken under advisement by the court, and, later, overruled *1209 for reasons assigned in writing. The judge states, in this opinion, that the evidence on the trial showed Dobard was the lessee of the property to which the coils of wire charged to have been stolen were attached, and that as ownership is not an essential ingredient of the crime of larceny when the property is otherwise identified, he considered the defendant properly convicted.
It appears that the wire stolen had been part of a fence which Dobard had taken down. The wire had been coiled and placed upon land he held in possession under a contract evidencing at once a lease and an agreement to sell to him. From this land it was taken by defendant and this constituted the larceny of which he was convicted.
To the ruling of the court refusing a new trial the first bill of exceptions was taken. The question it presents for our consideration is whether, in order to sustain a charge of larceny, the prosecution must establish absolute ownership in the party from whom the goods are averred to have been stolen.
This is not a new question. It has been more than once before this court, and the law may be considered settled that in a criminal prosecution for larceny it is sufficient to lay the title of the property stolen in the ostensible or apparent owner thereof. State vs. Everage, 33 An. 120; State vs. Kane, Id. 1270.
“The felonious taking, more than the perfect title of the alleged owner, forms the essence of the issue presented to the jury, is the apt expression of the law on this question, quoted from the case first cited.
The accused filed a motion in arrest of judgment and coupled with it a supplemental motion for a-new trial, setting up the prescription of one year, alleging that the offence is charged to have been committed on April 8, 1895, whereas the information was not filed until April 12, 1897. This was tried and overruled, the motion in arrest of judgment because it was presented after sentence had been pronounced upon the accused, and the supplemental motion for new trial, with the plea of prescription it presented, for the reason that the minutes of the court showed the information was filed in open court on the 9th of October,31895, and, also, that on same day the accused was arraigned thereunder and pleaded to the charge.
It appears from the judge’s statement that, at that time, there was *1210 an omission on part of the clerk of the court to endorse on the information the usual filing. He says it was purely an oversight on the part of the clerk. He also states the accused when called for trial offered no objection to this irregularity. The omission of the clerk to endorse the bill filed was discovered before the case was called and the District Attorney had obtained leave of the court to have it filed, and accordingly it had been filed as of date April 12, 1897. But it was the same information presented to the court and received on the 9th of October, 1895, and under which arraignment at that time took place.
The second bill of exceptions is leveled at the action of the court in overruling the plea of prescription as embodied in the motion in arrest of judgment and of new trial.
The assignment of error filed in this court raises anew the same plea of prescription of one year. »
This plea is based on Sec. 986 of the Revised Statutes, which is as follows: “No person shall be prosecuted, tried or punished for any offence, wilful murder, arson, robbery, forgery and counterfeiting excepted, unless the indictment or presentment for the same be found or exhibited within one year next after the offence shall have been made known to a public officer having the power to direct the investigation or prosecution.”
The words of this statute “ unless the indictment or presentmen- * * * be found or exhibited ” overthrow the pretensions of defendant herein. The charge against him was “found and exhibited ” to the court on October 9, 1895, within the year of the commission of the offence.
When the District Attorney, at that time, obtained leave to file the.information, presented it to the court and it was received; that was a sufficient “ exhibition ” of the charge against the accused to take the case out of prescription. The information must be held to have been filed at that time, and, hence, the case of the State vs. Davis, 44 An. 972, cited by defendant, does not apply.
A pleading in court may be filed in the sense of the law without the mere endorsement, by the clerk, on it of filing. If he neglects his-duty, it is none the less filed when handed to him for the purpose.
Bouvier adopts as his definition of the word “ file ” these words : “ A paper is said to be filed when it is delivered to the proper officer and by him received to be kept on file.”
*1211 Abbott defines it: “ to place on file, or, more generally to deposit papers in official custody, or receive them officially for orderly, systematic safe keeping.” -He further says: “to file, and filing, mean the act of either party bringing the paper and depositing it with the officer for keeping, or the act of the officer in folding, endorsing and putting up the paper.”
In a criminal case in Indiana, the point was made before the Supreme Court that the indictment had not been filed in the Circuit Court from which the appeal was taken. The court in holding the objection untenable said: “ We understand a paper in a cause to be filed when it is delivered to the clerk and received by him to be kept with the papers in the cause,” and concluding that “ the statements sufficiently show that the indictment had been delivered to and received in his official capacity by the clerk of the Circuit Court,” the filing was held sufficient. Engleman vs. State, 2 Ind. 92; See also Covey vs. Noggle, 13 Barb. 329; State ex rel. Luling vs. Judge, 24 An. 333.
We conclude, therefore, that the plea of prescription was properly overruled.
Judgment affirmed.
Nicholls, 0. J., absent; ill.