(54 South. 135.)

No. 18,591.

Succession of HONORE.

(Jan. 16, 1911.)

*(Syllabus by the Court.)*

1. HUSBAND AND WIFE (§ 243*)—RIGHTS OF WIFE—APPEAL FROM JUDGMENT.

A married woman cannot appeal from a judgment without the authorization of her husband.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 872; Dec. Dig. § 243.*]

2. APPEAL AND ERROR (§ 635*)—DISMISSAL—INSUFFICIENCY OF TRANSCRIPT.

Documents produced and offered in evidence, but objected to, and finally admitted, are part of the record, and cannot be omitted from the transcript at the will of the appellant. If, when necessary in deciding the case, appellant omits them, the transcript is incomplete, and the appeal will be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2776–2782; Dec. Dig. § 635.*]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

In the matter of the succession of Hortense Honore. From a judgment annulling the will, Estelle Hubbard, executrix, appeals. Dismissed.

Henry G. Stewart, H. N. Gautier, Frank McGloin, and Oscar Schreiber, for appellants. Gabriel Fernandez, Jr., for appellee Magloire. Gustave J. Ricau, for appellees Duplassis. Lazarus, Michel & Lazarus and David Sessler, for appellee Glapion.

BREAUX, C. J. This action was brought to annul the last will and testament of the late Hortense Hubbard, widow of Jos. Magloire by first marriage and by second marriage of Jules P. Honore, on the ground that it was not executed in the presence of three witnesses, and that it was not signed by the testatrix, that she did not declare that she was unable to sign, or that she assigned no cause of inability to sign.

This action was brought by her heirs, who are not mentioned in the will, against the defendant, who claimed in the district court under the terms of the purported will and who had obtained some recognition from the court as an heir, although, as it is alleged by plaintiff, she was not an heir; furthermore that she was not authorized by her husband in the proceedings assailed by the heirs as null.

The judgment of the district court annulled the will and recognized the plaintiffs as heirs.

Mrs. Estelle Hubbard, executrix, and under the will a legatee, suggested to the court that she was aggrieved by the judgment and moved for a devolutive appeal to this court, and, again, she furnished bond of appeal.

### On Motion to Dismiss.

After having made this statement, we are brought to a consideration of the first point urged by the appellee to dismiss the appeal.

The testimony shows that the appellant was married at the time the will was probated and prior to that time.

None the less, she appears alone and without any authorization whatever.

The same is true in regard to the petition for the appeal and the bond, as before stated.

It is well settled that a married woman must be authorized by her husband to take an appeal.

That is clearly stated in the Code of Practice.

Besides, there are decisions directly in point.

It seems to us that this is fatal to the appeal.

Now as to the diminution of the record: Papers were not copied, although the attention of the appellant was called to the fact that there was necessity for copying them.

It seems that these documents were offered during the trial.

It was not stated at the time of the offering that they were admitted is the ground urged by appellant to maintain this appeal. But this is cured by the fact that the record shows that the offer of the documents in question by appellee was objected to by appellant, and that after objection the court admitted them over objection. This sufficiently shows that the documents were admitted in evidence.

There is evidence of record also that there was some necessity for admitting these documents and copying them in the transcript. The judge of the district court referred to one of them in deciding the issue. It was necessary to have it copied in the transcript, and the omission is fatal to the appeal. State v. Lewis, 49 La. Ann. 1207, 22 South. 327. Bouvier, Law Dictionary, definition of the word "file."

In Stafford v. Harper, 32 La. Ann. 1078, this court said:

"One thing it is to offer and another to introduce evidence. Either litigant can offer, but, it is not until after the offer is made, and not resisted, or permitted, that, the evidence is introduced and that the documents are filed."

In the pending case, the offer was permitted.

For reasons stated, the appeal is dismissed at appellant's costs.