(73 South. 248)

No. 22145.

LOUISIANA STATE BOARD OF MEDICAL EXAMINERS v. CHARPENTIER.

(Nov. 13, 1916. Rehearing Denied Dec. 11, 1916.)

*(Syllabus by the Court.)*

1. CONSTITUTIONAL LAW ⬳46(3)—DETERMINING VALIDITY OF STATUTE.

Where a statute authorizes a civil proceeding for the recovery of a penalty and also a criminal prosecution for the same act, there is time enough for him to present the question whether a person to whom the act applies is twice put in jeopardy for the same offense, when that question is raised, after one judgment is rendered against him and he is threatened with another.

[Ed. Note.—For other cases, see *Constitutional Law*, Cent. Dig. §§ 43, 45; Dec. Dig. ⬳46(3).]

2. CONSTITUTIONAL LAW ⬳205(3) — PHYSICIANS AND SURGEONS ⬳2—CLASS LEGISLATION—PRACTICE OF MEDICINE.

Act No. 56 of 1914, in declaring what persons, for its purposes, shall be regarded as practitioners of medicine, and in exempting from its requirements "farmers or planters when treating without compensation their families, employés, or tenants exclusively, * * * attendants and plantation midwives; * * * opticians fitting glasses, or testing eyes in their own establishments, * * * water-cure establishments" and practitioners of Christian Science or the tenets of any church, does not contravene that provision of article 48 of the Constitution, which prohibits the granting, to any corporation, association, or individual, of any special or exclusive right, privilege, or immunity.

[Ed. Note.—For other cases, see *Constitutional Law*, Cent. Dig. §§ 607–614; Dec. Dig. ⬳205(3); Physicians and Surgeons, Cent. Dig. § 2; Dec. Dig. ⬳2.]

Appeal from Eighteenth Judicial District Court, Parish of Lafayette; William Campbell, Judge.

Action by the Louisiana State Board of Medical Examiners against Joseph Charpentier. From a judgment maintaining an exception of no cause of action, plaintiff appeals. Reversed, exception overruled, and cause remanded.

Smith & Carmouche, of Crowley (E. T. Florance, of New Orleans, of counsel), for appellant. John L. Kennedy, of Lafayette, for appellee.

### Statement of the Case.

MONROE, C. J. Plaintiff brought this action, under section 14 of Act 56 of 1914, to enjoin defendant from practicing medicine without having obtained the certificate required by that statute, and to recover the pecuniary penalty thereby imposed because of his having so practiced. Defendant filed exceptions of vagueness and no cause of action, which having been sustained, plaintiff appealed to the Court of Appeals and obtained a reversal of the judgment appealed from and the remanding of the case. Defendant again pleaded the exception of "no cause or right of action," but alleged, as grounds therefor, that the act of 1914 "provides for twice putting in jeopardy a violator of its provisions, in contravention of article 9 of the Constitution, and that it is discriminatory, in that it undertakes to confer upon certain individuals special rights, privileges, and immunities, in violation of article 48 of the Constitution, and that, exception having been sustained, and the act of 1914 having been declared unconstitutional, plaintiff has appealed to this court.

### Opinion.

The question of the constitutionality of the act of 1914 does not appear to have been raised or passed on upon the first hearing,

or the first appeal, and, as there seems to have been no objection to its consideration on the second hearing, though (somewhat inartificially, perhaps) pleaded as the ground of an exception which had already been disposed of, we shall proceed to consider it, in review of the judgment appealed from.

[1] The first ground of attack relates to sections 14 and 15 of the act of 1914, which read:

"Sec. 14. * * * That said Louisiana State Board of Medical Examiners through its proper officer, may cause to issue in any competent court a writ of injunction forbidding and enjoining any person from practicing medicine in any of its departments in this state, until he shall have first obtained the certificate or permit herein provided for and under the provisions of this act; and said injunction shall not be subject to being released upon bond.

"In the same suit in which said injunction may be applied for, the said board through its president aforesaid, may sue for and demand of the defendant a penalty not to exceed one hundred dollars, and in addition thereto attorney's fees not to exceed fifty dollars, besides the costs of court; judgment for which penalty, attorney's fees, and costs may be rendered in the same judgment in which the injunction may be made absolute. The trial of said proceeding by injunction shall be summary, and be tried by the judge without intervention of a jury.

"Sec. 15. * * * That any person practicing medicine or midwifery in any of its departments of this state without having obtained the certificate or permit herein provided for or contrary to the provisions of this act, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than fifty dollars or more than $100, or by imprisonment in the parish jail for a period of not less than ten days, or more than ninety days, or by both fine and imprisonment for each offense. It shall be the duty of the respective district attorneys to prosecute violators of the provisions of this act, before any court of competent jurisdiction. The said fine shall be divided equally between the public school fund of the parish in which said offense may have been prosecuted, and the state board of medical examiners."

Counsel for defendant says in his brief:

"We contend that these two sections of the statute provide for two separate and distinct prosecutions of a violator of its provisions, and provide for the twice placing in jeopardy of such violator; one, by way of a civil proceeding, and the other, by way of a criminal proceeding."

And he invokes the constitutional provision, to the effect that no person shall be twice put in jeopardy of life or liberty for the same offense.

Thus far, however, defendant has been put in jeopardy but once, and it will be time enough to consider the question of his being put twice in jeopardy should his conviction in this prosecution be affirmed and he be hereafter again prosecuted for the same offense. Such was the view taken by this court in State v. Labatut, 39 La. Ann. 516, 2 South. 550, and State v. Callac, 45 La. Ann. 31, 12 South. 119.

[2] The second ground of attack relates to section 13, which reads, in part:

"That any person shall be regarded as practicing medicine within the meaning of this act who shall append the letters M. D. or M. B. to his or her name, or shall prescribe, * * * or shall profess or publicly advertise that he prescribes, * * * for the alleged purpose of treating * * * bodily or mental disease * * * in any person other than himself, any drug, instrument, or force * * * or who shall examine any such person for such purposes; whether such drugs, instrument, force or other agency or means is to be applied or used by the patient or by any other person; and whether such prescribing * * * be for compensation of any kind or be gratuitous; and any officer or agent, or employé or member of any corporation, association or partnership which does or professes or publicly advertises that it does examine for, cure, treat, or relieve such diseases, ailments, * * * in any of the modes mentioned, * * * shall be regarded as practicing medicine under the provisions of this act.

"This provision shall not apply to farmers or planters when treating, without compensation their families, employés, or tenants exclusively, or to attendants and plantation midwives; or to opticians fitting glasses, or testing eyes in their own establishments, or to water-cure establishments. Nothing in this act, however, shall be construed to prohibit the practice of Christian Science or the religious tenets of any church whatsoever."

The complaint is that, in exempting from the operation of the act the classes of persons mentioned in the paragraph last above quoted, the lawmaker has granted a "special or exclusive right, privilege, or immunity,"

in violation of the provision of article 48 of the Constitution, to the effect that:

"The General Assembly shall not pass any local or special law * * * granting to any corporation, association or individual any special, or exclusive, right, privilege or immunity."

The general purpose of the law is to regulate the practice of medicine, surgery, and midwifery, and to protect the public by prohibiting unauthorized persons from engaging in those professions. It deals altogether with classes, and not with the individuals of a class, save in so far as an individual may violate the prohibition directed against the class of which he is a member. It imposes certain conditions upon every one assuming to practice either of said professions, and any one complying with the conditions may enter upon the practice. It then declares, in effect, that its requirements shall not apply to certain special classes of persons, but grants no special or exclusive right, privilege, or immunity to any member or individual of any such classes.

"It is urged, however (says the learned counsel for defendant in his brief), that legislative regulations must be reasonable and proper, and that the exemption of the particular classes of persons referred to above from the operation of the act has no reasonable basis. Why should a farmer or planter, unskilled and ignorant of medicine or surgery, be permitted to practice upon his tenants, family, and employés when others engaged in different occupations are not permitted to treat their own families and employés?"

Defendant has no interest in the exemption of which he complains, except that a similar exemption has not been accorded to him, and his real complaint is that, in denying him a certificate, for which it does not appear that he has applied, authorizing him to practice medicine, for which it does not appear that he possesses any qualifications, and, at the same time, permitting planters, farmers, and the others mentioned to engage in that practice, to the extent provided in the act, plaintiff has denied him the equal protection of the laws.

It is well settled, however, that a statute, in order to be equal and uniform in its operation, need not extend the same privilege to every individual and corporation, but that particular and appropriate privileges and exemptions may be granted to different classes, respectively, and that:

"When the classification of such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed." Lindsley v. Nat. Carbonic Gas Co., 220 U. S. 61, 31 Sup. Ct. 337, 55 L. Ed. 377, Ann. Cas. 1912C, 160; City of New Orleans v. Le Blanc, 139 La. 113, 71 South. 254, 255.

We find no difficulty in conceiving the state of facts thus referred to as the basis of the action of which defendant complains Farmers and planters, attendants and midwives, living on plantations, where access to those who are better qualified is difficult, and at times impossible, acquire, ex necessitate, a certain amount of information which enables them to act in emergencies and to deal with the simpler of the ailments which are common to humanity, when no other treatment is available, and when, in the absence of any treatment, serious consequences would result. The optician is often found where the occulist is not, and may be better qualified than he to fit glasses, if not to test the eyes, is likely to inflict little or no injury in either case, and he who performs those functions in his own establishment may be regarded as more responsible than the itinerant vendor. The water cure is a known method of treatment from which many persons have, no doubt, derived great benefit, and which, for the protection of the public, may not require a medical education of those by whom it is administered. And "the practice of Christian Science, or the religious tenets of any church," is a spiritual, or psy-

chological, matter which should, perhaps, best be left to the practitioners and their patients.

The burden rests upon the defendant in this case to show that the classification of which he complains is unreasonable, and, in our opinion, he has not carried that burden.

The judgment of the district court, maintaining the exception, is therefore annulled, the exception is overruled, and the case is remanded, to be proceeded with according to law and to the views expressed in the foregoing opinion, the costs of the appeal to be paid by defendant, and those of the district court to await the final judgment.