(102 So. 415)

No. 24830.

## LOUISIANA STATE BOARD OF MEDICAL EXAMINERS v. CRONK.

(Dec. 1, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Physicians and surgeons ⬤⇒6(1)—Chiropractic held engaged in "practice of medicine" without license justifying injunction and award of attorney's fees.**

   Under Act No. 56 of 1914, § 13, defining practicing medicine to include direction or application of physical force for treating, etc., physical diseases, chiropractic engaged in making adjustments of subluxated vertebræ by pressure of hands is engaged in "practice of medicine," and being without license from state board of medical examiners, as required by section 15, was properly enjoined from practice, and awarding attorney's fees in the sum of $50, as provided by section 14, was proper.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Practice of Medicine.]

2. **Licenses ⬤⇒36—Neither state nor municipal license entitles licensee to pursue business in violation of criminal laws of state or city ordinances.**

   Neither state nor municipal license entitles licensee to pursue business in violation of criminal laws of state or of city ordinances.

3. **Constitutional law ⬤⇒88—Physicians and surgeons ⬤⇒1—Provisions determining what constitutes practice of medicine not illegal interference with right to earn living.**

   State in execution of police power for protection of public health is authorized to determine what constitutes practice of medicine, and such provisions are not illegal interference with right of citizen to earn living.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; J. A. Williams, Judge.

Suit for injunction by the Louisiana State Board of Medical Examiners against Otis E. Cronk. From judgment for plaintiff, defendant appeals. Affirmed.

George J. Ginsberg, of Alexandria, for appellant.

T. Semmes Walmsley, R. J. Weinmann, G. B. Harrison, Jr., and Eugene D. Saunders, all of New Orleans, for appellee.

LAND, J. The defendant is a chiropractic, and appeals from a judgment of the district court of the parish of Rapides, sustaining the injunction herein sued out against him by the Louisiana state board of medical examiners, restraining defendant from further practice, and awarding plaintiff board attorney's fees in the sum of $50.

The basis of the present injunction proceeding is that defendant is practicing medicine in the state of Louisiana without having obtained a certificate from the state board of medical examiners, as required by section 15 of Act 56 of 1914.

Defendant does not pretend to have complied with the law of the state requiring examination before, and certificate from, said board, but sets up in his answer the defense that he is not practicing medicine within the definition of the medical act, and holds license from both the state of Louisiana and the city of Alexandria as authorization for the pursuit of his calling. Section 2 of Act 56 of 1914.

Section 13 of Act 56 of 1914 provides:

"That any person shall be regarded as practicing medicine within the meaning of this act who shall * * * direct, or apply * * * for the alleged purpose of treating, curing or relieving any bodily or mental disease, infirmity, deformity, defect, ailment or injury in any per-

son other than himself, any drug, instrument, or force, whether physical or psychic, or of whatever nature, or any other agency or means," etc.

"Chiropractic" is defined in the catalogue of the Palmer School of Chiropractic as "the philosophy, science, and art of things natural, and a system of adjusting the subluxated vertabræ of the spinal column, by hand, for the restoration of health." The dean of the faculty of the Palmer School of Chiropractic testified on the trial of this case as follows:

"The theory of chiropractic is that the subluxation produces pressure upon nerves which produce abnormal conditions on the tissues of the body; and by the adjustment of this subluxation the pressure is relieved, normal impulses are allowed to flow through these nerves, and the natural forces of the body do the rest."

"A subluxation," as defined by the defendant in his testimony, is "a slight displacement of a vertebra." Defendant also testifies that he uses no drugs in his practice, which consists solely in adjusting the subluxated vertebræ of the spine with both hands, and that the application of the hands is not in the nature of either rubbing or pressing, but is a thrusting movement. Defendant admits that the purpose of making these adjustments is to bring about a correction of the subluxation of the vertebræ, and thereby produce a normal functioning of the organs of the body, or a betterment in the condition of the health of his patients. Defendant also admits in his testimony that he had a card in the newspapers as a chiropractic, so that people desiring adjustments would know where to find his office. Defendant further admits that he treated a good many persons suffering with liver, kidney, and stomach complaints, and with other bodily ailments. A number of his patients also appeared as witnesses in his behalf and stated that they had been treated by defendant, and had been cured of their diseases; the only remedy used being an adjustment of the vertebræ with the hands by the chiropractic.

[1] As, under section 13 of the Medical Act, the mere direction or application of physical force for the treating, curing, or relieving any disease or ailment is made an offense, it is clear from the testimony in the case that the defendant has violated said section, as he was practicing medicine within the intent and meaning of said act, and without having obtained a certificate from the state board of medical examiners, as required by section 15 of said act.

Under such circumstances the injunction was properly issued and rightfully sustained, with attorney's fees in the sum of $50 in favor of plaintiff board. Section 14 of Act 56 of 1914.

[2] It is well settled that neither a state nor a municipal license entitles a licensee to pursue his business in violation of the criminal laws of the state, or in violation of the ordinances of a city. The possession of such licenses by defendant is therefore unavailing as a defense. 25 Cyc. 624, Licenses.

[3] It is also equally as well settled that the state, in the legitimate exertion of her police power for the protection of the public health, is fully authorized to make provisions deemed necessary for that purpose, and to determine what is, or shall constitute, the practice of medicine. Such provisions, being enacted for the public good and the general welfare, cannot be construed as an illegal interference with the constitutional right of every citizen to earn a living. Dent v. West Virginia, 129 U. S. 114, 9 S. Ct. 231, 32 L. Ed. 623; Reetz v. Michigan, 188 U. S. 505, 23 S. Ct. 390, 47 L. Ed. 563; Hawker v. New York, 170 U. S. 189, 18 S. Ct. 573, 42 L. Ed. 1002; Patterson v. Kentucky, 97 U. S. 501, 24 L. Ed. 1115; Medical Examiners v. Fowler, 50 La. Ann. 1358, 24 So. 809.

The judgment appealed from is therefore affirmed, at the cost of appellant.