**66 So.2d 4**

## VAUGHN v. AMERICAN BANK & TRUST CO.

No. 40557.

April 27, 1953.

Rehearing Denied June 1, 1953.

———◆———

Jesse Hunter Inman, Baton Rouge, for plaintiff-appellant.

Brumfield, Hebert & Rush, Baton Rouge, for defendants-appellees.

LE BLANC, Justice.

Plaintiff's suit which is one for damages to his reputation and the ruin of his trade

and profession was dismissed on a motion filed by the defendants to have the allegations of his petition stricken and removed from the records of the Clerk of Court as being in violation of the laws of the State of Louisiana, particularly Article 172 of the Louisiana Code of Practice.

The judgment dismissing plaintiff's cause as of non-suit was rendered and signed in open court on July 16, 1951. On the following day, on motion of his counsel, made in open court, plaintiff was granted an order of devolutive appeal, returnable to the First Circuit Court of Appeal on or before August 28, 1951, conditioned upon his furnishing bond in the sum of $100. On that same day, July 17, 1951, plaintiff perfected an appeal bond in the amount stipulated in the order and the same was filed the following day, that is, July 18, 1951.

On July 27, 1951, on motion of counsel for plaintiff, as appears from a minute entry of that day, the order of appeal to the Court of Appeal which had been entered on July 17, 1951, was ordered cancelled, rescinded and set aside and on that same day, again on motion of counsel for plaintiff, an order of devolutive appeal was entered and made returnable to the Supreme Court of Louisiana on or before September 18, 1951, the bond to be in the sum of $100. It was on that order that the appeal was lodged in this court. No new bond was furnished.

Defendants have filed a motion to dismiss the appeal based on two grounds: (1)

That no bond was executed and filed pursuant to the order of appeal to this court granted on July 27, 1951, and (2) that by the filing of the appeal bond under the order of appeal to the Court of Appeal granted on July 17, 1951, the district court was divested of jurisdiction in the cause and therefore that court's order of July 27, 1951, granting plaintiff an appeal to this court, was null, void and of no effect.

It is unnecessary to consider the first of the two grounds on which the motion is based as the second is supported by ample authority on which to sustain it.

In Mundy v. Phillips, 157 La. 445, 102 So. 519, 521, it is stated:

"No one, we imagine, will question the proposition, which is abundantly sustained by the authorities cited in plaintiff's brief, to the effect that the jurisdiction of the Supreme Court in cases of appeal attaches on the filing of the bond of appeal, and the inferior court thereafter has no authority to take any steps in such cases, except such as are necessary to transmit the record and to test the solvency or sufficiency of the sureties on the appeal bond."

In State ex rel. Mount v. Judge, 22 La. Ann. 37, syllabi which reflect the ruling of the court read as follows:

"The jurisdiction of the appellate court attaches as soon as the bond is filed and citation of appeal is issued."[1]
*  *  *

"The jurisdiction of the District Court ceases at the moment the appellate jurisdiction attaches, and any order made or proceeding had by the District Judge, after his jurisdiction has ceased, is null."

A later case which also bears on the question at issue is Borgnemouth Realty Co. Ltd. v. Gulf Soap Corp., 211 La. 255, 29 So. 2d 841, 842, in which the court stated:

"Under the law governing appeals generally, the perfecting of an appeal vests jurisdiction of the case in the appellate court, and the trial court is thereby divested of jurisdiction for all purposes except to test the solvency or sufficiency of the appeal bond, and to transmit the record to the appellate court. Code of Practice, Art. 575; State v. Cobb, 1913, 134 La. 207, 63 So. 877; New Orleans Silica Brick Co. v. John Thatcher & Son, 1922, 152 La. 649, 94 So. 148; Mundy v. Phillips, 1925, 157 La. 445, 102 So. 519. Therefore, when the defendant in this case furnished the appeal bond, on November 29, 1946, the trial court was divest-

[1]. In that case, as in the present, the order of appeal was granted on motion made in open court and no service of citation was necessary. Code of Practice, Art. 574.

ed of jurisdiction to rescind the order of appeal, * * *."

Paraphrasing part of the language of that case it may be said with regard to the case before us that when, on July 17, 1951, the plaintiff furnished the appeal bond which was filed on the following day, the jurisdiction of the First Circuit Court of Appeal attached and the district court was divested of jurisdiction to rescind the order of appeal which had been granted to the Court of Appeal or to take any proceeding in the case save those relating to solvency or sufficiency of the sureties on appeal bond or the transmission of the record on appeal. From this it follows that that court was without jurisdiction and authority to grant an order of appeal to this court and such order is consequently null and of no effect.

For the reasons stated the motion to dismiss the appeal must be sustained and it is accordingly ordered that the appeal herein taken be and the same is hereby dismissed at the costs of the defendants-appellants.

McCALEB, Justice (concurring).

I do not agree that the trial court was divested of jurisdiction in this cause upon plaintiff filing an appeal bond under the order of appeal to the Court of Appeal for the reason that that order was invalid inasmuch as the Court of Appeal did not have appellate jurisdiction of the case.

Of course, I do not dispute the soundness of the holdings, cited in the majority opinion, that the filing of the bond perfects the appeal and divests the trial court of jurisdiction for all purposes except to test the solvency or sufficiency of the appeal bond and to transmit the record to the appellate court. But those authorities are unsuitable in instances where the order of appeal has erroneously been granted to a court which has no jurisdiction of the appeal. In such cases, it is right for the trial court, upon timely application, to rescind its order and grant another order of appeal to the proper appellate court. In Vallee v. Hunsberry, 108 La. 136, 32 So. 359, 360, the court appropriately observed:

"But if the bond had been filed under the first order, the subsequent discovery that the appeal had been made returnable to a court having no jurisdiction would have entitled the appellant (sic) to an appeal to a competent tribunal, if applied for in time; the first order in such case being a nullity. McWilliams v. Michel, 43 La.Ann. 984, 10 So. 11."

On the other hand, it is my opinion that the appeal has been correctly dismissed in view of plaintiff's failure to furnish an appeal bond pursuant to the order of appeal to this Court granted on July 27th 1951. It seems too obvious to warrant serious discussion that the bond which plaintiff filed under the order of appeal to the Court of Appeal cannot be employed as a substitute so as to effect a compliance with the subsequent order of appeal.

I therefore concur in the result.