HARDY, Judge.
The defendant in this suit has appealed from a judgment of the district court in and for Sabine Parish, which granted a preliminary writ of injunction enjoining him from practicing medicine in any of its departments until he obtained the certificate required by law, and further condemning him to the payment of a penalty of $60 and attorney’s fees in the sum of $50.
The action was brought by the plaintiff, Louisiana State Board of Medical Examiners under the provisions of LSA-R.S. 37:1261 et seq., and the issues here presented in our opinion are practically identical with those decided by this court in the recent, case of State Board of Medical Examiners v. McHenery, La.App., 69 So.2d 592.
Defendant filed exceptions of no right of action, no cause of action and a plea of vagueness, all of which were overruled by the district court. This case.recently came before us on a motion to dismiss the appeal, filed by plaintiff-appellee, which motion was denied.
*138 In argument and brief before this court distinguished counsel for defendant has re-asserted some of the points raised in his exceptions and, in addition, strenuously argues that Section 1261 of Title 37 of the LSA-Revised Statutes of 19S0 is unconstitutional and, apparently, in the alternative, that its provisions are controlled and limited by Section 1290.
While we think the questions raised on behalf of appellant were conclusively disposed by our opinion in the McHenery case, supra, we, nonetheless, feel impelled to a reasonable discussion of appellant’s contentions in deference to his counsel’s zealous presentation.
Careful consideration of the argument on the question of constitutionality leaves us somewhat uncertain as to the existence of any definite grounds of attack. First, however, we call attention to the fact that the issue of constitutionality has not been properly tendered by defendant’s pleadings. There is no mention of this issue in any of the special exceptions or pleas, nor in the answer, which was orally dictated into the record upon opening of the trial in response to the issuance of a rule nisi. Indeed, the only reference is found in the opening statement of counsel, on trial, as follows:
“I would like to go on record stating that Section 1261 is unconstitutional unless it is limited by Section 1290, paragraph seven; that the Sú-preme Court of this State has at no time been asked to pass upon the constitutionality of Section 1261 as defined in the Louisiana Revised Statutes of 1950.”
We do not think the above statement, which after all is simply an expression of opinion by counsel, conforms to the requirements of proper pleading. However, regardless of the technical rules of. pleading, we find no merit in the assertion of unconstitutionality. As we have observed, counsel makes no specific attack, but is content with making the argument that Section 1261, which contains 164 words in one sentence, is null, void, arbitrary, ambiguous and unconstitutional. While we concede that legislative acts are sometimes wanting in conformance to the niceties of composition which might be desired, we do not think that this entirely human and understandable failure is sufficient in itself to suggest the absolute nullity of statutory provisions. It matters not whether a regulation is couched in a sentence of six words or one of six hundred words it is nonetheless valid if its intent and purpose are susceptible of reasonable interpretation. In our opinion, as already expressed in the McHenery case, supra, the provisions of this section are clear and appropriate. The definition of the practice of medicine as contained in the section under consideration of necessity comprehends details peculiar to several departments or schools of medical practice, of which we need name generally the practice of medicine, of osteopathy and of chiropractic. In short, it is the obvious intent and purpose of the provision to regulate the diagnosis and treatment in any manner or by any means of disease or infirmities of the human body. It is only reasonable to consider that such a definition of necessity must be expressed in extensive detail.
Counsel asserts that the Supreme Court of this State has never been called upon to decide the question of the constitutionality of Section 1261 of Title 37 of the LSÁ-Revised Statutes of 1950. In this statement we think counsel is in error. The source of Section 1261 is found in Section 13 of Act No. 56 of 1914 and Section 9 of Act No. 54 of 1918. The provisions, and indeed the wording, of the statutes of 1914, 1918 and Section 1261, Title 37 of the LSA-Revised Statutes of 1950 are not only similar but, indeed, identical, with the exception of a few immaterial changes in phraseology. The constitutionality of Section 13 of Act No. 56 of 1914 was upheld by the Supreme Court in Louisiana State Board of Medical Examiners v. Cronk, 157 La. 321, 322, 102 So. 415. The constitutionality of Section 9 of Act No. 54 of 1918 was thoroughly *139 considered and upheld in the opinion of the Supreme Court in Louisiana State Board of Medical Examiners v. Fife, 162 La. 681, 111 So. 58, 54 A.L.R. 594, affirmed 274 U.S. 720, 47 S.Ct. 590, 71 L.Ed. 1324.
It is further urged that Section 1261 of Title 37 is controlled and limited by th'e exceptions provided in Section 1290 and that defendant comes within the exceptions set forth in paragraph (7) of said article. Reference to the • paragraph in ‘ question díscldses that it provides for the exception from the prohibitions of the Act, of the practice of “Christian Science or religious rulés or ceremonies as a form of religious worship, devotion or' healing '* * The same paragraph, however, forbids certain designated practices evén to those who come within the exception. There is not the slightest ground whatsoever which could possibly support the contention that this defendant comés within the exception accorded to members of religious faiths.
.The exceptions of.no cause and no right of action are based upon a number of general objections which for the most part have not been specifically urged on appeal, but all of which we think have been adequately determined by our holding the Mc-Henery case, supra.
The only new question involves the asserted failure on the part of plaintiff to allege and establish irreparable harm or injury as a condition precedent to the issuance of an injunction. We call attention to the fact that under the so-called Injunction Act, No. 29 of 1924, now incorporated in the Louisana Statutes Annotated-Revised' Statutes of 1950, Title 13, Sections 4062 ét seq.', a showing' 'of irreparable injury, loss or damage is required only in support of a temporary restraining order, which relief was not sought, in the instant case.
On the merits we observe that counsel makes no argument for the obvious reason that no basis exists for dispute as to the facts. The evidence conclusively established. the unlicensed practice of medicine by defendant within the statutory definition and prohibition.
For the reasons assigned the judgment from which appealed is affirmed at appellant’s cost.