AYRES, Judge.'
This is an action by the Louisiana State Board of Examiners under the authority of LSA-R.S. 37:1261 et seq., seeking to enjoin, restrain and prohibit defendant from the practice of medicine in the State of Louisiana until he shall have obtained a certificate or permit required by law, and further praying for the assessment of a penalty of $100, together with/attorneys’ fees in the sum of $50. -
Defendant first filed.a plea of vagueness, which was overruled. An exception of no cause or right of action and plea of unconstitutionality were then filed, which, on the request of the defendant, were referred to the ,merits.. On trial thereof, after answer filed, the plea of unconstitutionality was overruled. On trial of the merits, the issues were submitted on a stipulation of facts. From a judgment rendered in favor of plaintiff as prayed for, defendant has appealed tothis court.
Alleging that the nature and extent of his business are far in excess of the $2,-000 jurisdictional amount of this court, defendant filed a motion to transfer this appeal to the Supreme Court. This motion is without merit. The record is entirely lacking in any supporting evidence as to defendant’s income from the practice with which he is charged or the value of his business as such. Moreover, the jurisdiction of this court is governed and controlled by the amount involved, which includes and consists of the, price of the. certificate, the penalty of $100 imposed by the trial court, and the award of $50 attorneys’ fees.
In an identical case, Louisiana State Board of Medical Examiners v. McHenery, 222 La. 984, 64 So.2d 242, an appeal was taken to' the Supreme Court of Louisiana, of which that court declined jurisdiction and transferred the appeal to this court.
The plea of vagueness was neither argued nor briefed before this court and, therefore, may properly be considered as abandoned. In passing, however, it may be stated that in our opinion it was without merit.
The issues presented in the exception of no cause or right of action and under" the plea of unconstitutionality, as well as on the1 merits, have been determined adversely to defendant’s contentions by the Supreme Court of Louisiana in the cases of" Louisiana State ■ Board of Medical Examiners *58 v. Charpentier, 140 La. 405, 73 So. 248; Louisiana State Board of Medical Examiners v. Cronk, 157 La. 321, 102 So. 415; Louisiana State Board of Medical Examiners v. Fife, 162 La. 681, 111 So. 58, 54 A.L.R. 594; Louisiana State Board of Medical Examiners v. Beatty, 220 La. 1, 55 So.2d 761, and by this court in the cases of Louisiana State Board of Medical Examiners v. McHenery, 69 So.2d 592, and Louisiana State Board of Medical Examiners v. Tackett, 71 So.2d 137. The Fife case was affirmed by the United States Supreme Court, 274 U.S. 720, 47 S.Ct. 590, 71 L.Ed. 1324. It would serve no useful purpose to attempt to restate here the principles so clearly stated in those decisions.
Defendant questions the sufficiency of the stipulation of facts as the basis for the judgment rendered on the grounds, first, that the stipulation was based upon what the witnesses would testify over their objections that the evidence would tend to incriminate them, and, second, that it discloses only general conclusions of law.
The stipulation in writing was entered into and signed by attorneys for both plaintiff and defendant. In substance, the stipulation provided that the witnesses, if called and sworn, although, over their objections and the objections of their attorneys, would testify to the facts therein recited. Our attention has not been directed to any reasons, and we 'have not been able to conceive of any, where the witnesses’ objections to testifying would detract from the force and effect of such testimony or of defendant’s assertion and agreement as to what their testimony would be.
We are also unable to agree with defendant’s counsel on his second contention that the stipulation asserts only general conclusions of law. The stipulation recites that the witnesses would testify that the defendant is holding himself out to the public as being engaged in the practice of chiropractic in Caddo Parish, Louisiana; that such holding out to the public is being done by the maintenance and operation of an office in that parish for that purpose; that the defendant is engaged in the practice of chiropractic in the said Parish of Caddo, and for such purpose receives and treats patients, their conditions and infirmities by manipulation of the spinal column, and represents himself to such patients and to the public as being qualified to remove the cause of and relieve them from pain and suffering; that said practice of the defendant consists of examining the patients, taking their case histories and their blood pressures, and thereafter treating and adjusting such patients by the use of manual force applied to the bodies of the patients; that defendant has equipment and facilities for taking X-ray pictures and does take X-ray pictures of the patients and analyzes them and adjusts the patients upon the basis of such analysis; and that the services rendered by the defendant were and are paid for at a price agreed upon by him and the respective parties thereto, it being understood, however, that in the event any of the patients are unable to pay, there is no charge made to such patients.
This stipulation, therefore, in our opinion, recites facts and acts of the defendant clearly included in the definition of the practice of medicine as defined in LSA-R.S. 37:1261, which reads as follows:
“As used in this Part, ‘the practice of medicine, surgery, or midwifery’ means the holding out of one’s self to the public as being engaged in the business of diagnosing, treating, curing, or relieving any bodily or mental disease, condition, infirmity, deformity, defect, ailment, or injury in any human being other than himself whether by the use of any drug, instrument or force, whether physical or psychic, or of what other nature, or any other agency or means; or the examining, either gratuitously or for compensation, of any person or material from any person for such purpose whether such drug, instrument, force, or other agency or means is applied or used by the patient or by another person; or the attending of, a woman in childbirth without the aid of a licensed physician, surgeon or midwife; or .the using of any other *59 title other than optician, to indicate that he is engaged in the business of refracting or fitting glasses to the human eye.”
Finding no error in the judgment appealed from, it is affirmed at appellant’s ■costs.