GLADNEY, Judge.
The appeal is from a judgment granting an injunction restraining Paul Barber from practicing medicine contrary to provisions of the Medical Practice Act, LSA-R.S. 37 :- 1261-37:1290. Suit was brought pursuant to the procedure prescribed in section 1286. This section also authorizes the assessment of a civil penalty not exceeding $100 and attorney’s fees not exceeding $50. The evidence in the record establishes beyond doubt that appellant was engaged in business as a chiropractor in Natchitoches, Louisiana, and as such held himself out to the public for treating various conditions and diseases of the body by the use of force, or by applying force to and manipulating certain parts of the body, its bones and joints.
Before considering the merit of the appeal we direct our attention to a motion by appellant to transfer the appeal to the Supreme Court of Louisiana. Counsel argues the transfer should be made, as the district court was without jurisdiction to entertain orders of appeal to this court.
It is uniformly recognized by our courts that when orders of appeal have been entered, and the appeal* perfected by filing the appeal bond, the trial court is divested of taking any further action in the case except for testing the sufficiency of the bond. See Gulf States Finance Corporation v. Colbert, 1953, 223 La. 743, 66 So.2d 793; Vaughn v. American Bank & Trust Company, 1953, 223 La. 479, 66 So.2d 4; Gasoline Plant Const. Corporation v. Blair, La.App.1949, 38 So.2d 657; Felder v. Springfield Farmers Cooperative Association, Inc., La.App.1947, 29 So.2d 547. The trial court is not divested of any of its jurisdiction until the appeal is perfected by due filing of the bond, if required. See State ex rel. Massicot v. Bahn, La.App.1948, 35 So.2d 37; Horton v. Western Union Telegraph Company, La.App.1941, 200 So. 44; State ex rel. Continental Supply Co. v. Fontenot, 1919-1922, 152 La. 912, 94 So. 441; Charvanel v. Esvard, 1922, 150 La. 305, 90 So. 658.
Pertinent minutes of the trial court reflect the following entries:
“October 21st, 1954.
“Louisiana State Board of Medical Examiners v. Paul Barber. Application for new trial and/or rehearing called, heard and submitted. In oral opinion By The Court: Let the application for new trial and/or rehearing be denied. Judgment read and signed. Motion by counsel for defendant for orders of suspensive and devolutive appeal. By The Court: Let orders of both sus-pensive and devolutive appeal be grant *62 ed the defendant herein returnable to •the Honorable Supreme Court of the State of Louisiana, sitting in the City •of New Orleans, Louisiana, on or before December 17th, 1954. Suspensive appeal bond fixed at $1,000.00. Devol-utive Appeal bond fixed at $150.00.
“October 26th, 1954.
“Louisiana State Board of Medical Examiners v. Paul Barber. Appeal hond tendered to the Clerk for filing. At which time plaintiff made an oral motion that the appeal previously entered herein be recended (sic) because it was made to the wrong Court. By The Court: Let the appeal previously •entered herein be recended (sic) and let new orders of appeal both suspensive and devolutive be granted the defendant therein returnable to the Honorable Second Circuit Court of Appeal sitting in the City of Shreveport, Louisiana, on or before December 17th, 1954. Sus-pensive appeal bond fixed at $1,000.00. Devolutive appeal bond fixed at $150.00. To which counsel for defendant objects on the grounds that his bond had been ■filed previously to the recending (sic) of the orders by the Court.”
The minutes of the district court indicate that when the appeal bond was tendered to the clerk, counsel for plaintiff af that time moved that the orders of appeal be rescinded as having been taken to the wrong court. Thus the tender of the bond and the motion to rescind came to the attention of the court at the same time. We •assume the court took the position the bond was not then filed, otherwise he could not have granted the motion to rescind. The issue, therefore, turns upon whether a mere tender of the appeal bond and nothing more, constituted a filing of the document. We think the answer should be “No.” In legal practice the term “filing” may refer to the delivery to the proper officer of a paper to be kept on file, or, in another sense, the word has been defined as an act of the clerk receiving a paper into custody and giving it a place among other papers. The term generally imparts or implies that the document is delivered and received; that the officer authorized to receive it has knowledge of its filing, that the paper shall remain with the clerk as a record, and that it has not been withdrawn. 36 C.J.S. File, pp. 755, 756.
The principles so enumerated are not inconsistent with views expressed by our courts. See Stafford v. Harper, 1880, 32 La.Ann. 1076; Succession of Honore, 1911, 127 La. 882, 54 So. 135. It appears to us that the clerk had no opportunity to receive or accept the bond tendered for filing before counsel for appellee and the judge a quo intervened and prevented its filing. As a result of the action of the court, the clerk could not and did not receive the bond for filing. It was never filed. We conclude, therefore, that the court was not divested of jurisdiction when it properly acted in rescinding the improvident orders to the Supreme Court and directing an appeal to this court.
Further grounds sustaining the validity of the district court’s action may be found in the concurring opinion of Justice McCaleb in Vaughn v. American Bank & Trust Company, 1953, 223 La. 479, 66 So.2d 4, which holds that where the order of appeal has erroneously been granted to a court which has no jurisdiction of the appeal, the trial court may upon timely application, rescind its order and grant another order of appeal to the proper appellate court. See Vallee v. Hunsberry, 1901, 108 La. 136, 32 So. 359, 360; McWilliams v. Michel, 1891, 43 La.Ann. 984, 10 So. 11; Louisiana State Board of Medical Examiners v. McHenery, 1953, 222 La. 984, 64 So.2d 242. The motion to transfer the appeal is denied.
Now passing to the errors assigned to the judgment of the district court, we consider first a contention made that plaintiff’s petition failed to set forth the domicile of the Louisiana State Board of Medical Examiners as required by Code of Practice article 172, and because of such failure the petition should have been dismissed since counsel made timely objection. In creating plaintiff Board the Legislature *63 failed to give it a fixed domicile. The record does contain the names and residences of each of the board members. In the appeal as presented to us we cannot conceive of any interest of appellant that should require this information. He most assuredly has not been injured by the failure of the Legislature to name the Board’s domicile. The issue was properly decided against defendant’s contention.
Secondly, it is argued that the trial court should have sustained defendant’s exception of misjoinder of actions, as plaintiff’s suit for an injunction was cumulated with a request for a money judgment for $150. The trial court, pursuant to the statute, did award a penalty of $100 and attorney’s fees of $50. Statutes providing injunctive relief and civil penalties are not new in this or other states. They have withstood the test of time and we assume the validity of such provisions. Counsel, at least, has not furnished us with a single authority to support the point raised. There was no error in the action of the judge a quo in overruling the exception. Similar statutory provisions, section 14 of Act 56 of 1914, LSA-R.S. 37:1286, were sustained as valid legislation in Louisiana State Board of Medical Examiners v. Charpentier, 1916, 140 La. 405, 73 So. 248.
The third issue raised on the appeal is presented under exceptions of no cause and no right of action. The first count relied upon is that defendant was prosecuted under LSA-R.S. 37:1288 which refers solely to an itinerant vendor of drugs. There is no ground for this assumption. Plaintiff’s cause of action was grounded upon LSA-R.S. 37:1261 and 37:1286. Section 1261 defines the practice of medicine and section 1286 prescribes the procedure against those who violate the statute.
As further grounds supporting the exception of no cause or right of action it is urged section 1290(7) of Title 37 is discriminatory. This issue was specifically determined in the Charpentier case where it was more properly presented as a question in constitutional law.
The record abundantly proves that Paul Barber held himself out as a chiropractor. It has been repeatedly held that one who practices chiropractic, practices medicine and so must obtain a certificate on diploma and examination. In Louisiana State Board of Medical Examiners v. Cronk, 1924, 157 La. 321, 102 So. 415, chiropractic was defined as a system of adjusting the subluxated vertebrae of the spinal column by hand for the restoration of health. This court has on several occasions sustained similar injunction proceedings by the Louisiana State Board of Medical Examiners. See State Board of Medical Examiners v. McHenery, La.App.1953, 69 So.2d 592; Louisiana State Board of Medical Examiners v. Tackett, La.App.1954, 71 So.2d 137; Louisiana State Board of Medical Examiners v. Fisher, La.App.1954, 76 So.2d 56. In the first two cited cases applications for writs of certiorari were denied.
The constitutional questions raised herein have heretofore been fully explored in the courts of this state and have consistently been determined adversely to the contentions of appellants. See Louisiana State Board of Medical Examiners v. Charpentier, 1916, 140 La. 405, 73 So. 248; Louisiana State Board of Medical Examiners v. Cronk, 1924, 157 La. 321, 102 So. 415; Louisiana State Board of Medical Examiners v. Fife, 1926-1927, 162 La. 681, 111 So. 58, 54 A.L.R. 594; Louisiana State Board of Medical Examiners v. Beatty, 1951, 220 La. 1, 55 So.2d 761, and by this court in the cases of Louisiana State Board of Medical Examiners v. McHenery, La.App.1953, 69 So.2d 592; and Louisiana State Board’ of Medical Examiners v. Tackett, La.App. 1954, 71 So.2d 137. The Fife case was affirmed by the United States Supreme Court, 274 U.S. 720, 47 S.Ct. 590, 71 L.Ed. 1324.
We do not think any useful purpose would be served by a detailed discussion of the specific constitutional questions presented.
Finally, the record indicates the judgment was correct in finding that Paul Barber was violating the Medical Practice Act which prohibits the practice of medi *64 cine without securing a license therefor, The testimony, as well as documentary evidence, clearly establishes that Paul Barber was engaged in the practice of chiropractic in violation of the law which authorizes the injunctive relief which was resorted to herein.
It, therefore, follows that the judgment from which appealed must be, and is hereby affirmed at appellant’s costs.