AYRES, Judge.
This is an action by the Louisiana State Board of Medical Examiners under the authority of LSA-R.S. 37:1261 et seq., seeking to enjoin, restrain and prohibit defendant from the practice of medicine in the State of Louisiana until he shall have first obtained a certificate or permit authorizing him to do so, as required by law, and further for the assessment of a penalty of $100 and an attorney’s fee of $50. From a judgment in favor of plaintiff as prayed for, defendant prosecutes a suspen-sive appeal to this court.
Answering plaintiff’s demands, defendant admitted that, without having first obtained a license or permit to practice medicine under the provisions of the aforesaid statute, he is holding himself out to the public as being engaged in the business of diagnosing, treating, curing or relieving bodily diseases, conditions, infirmities, ailments and injuries in human beings other than himself and is examining such persons for such purposes, and further contends that (1) all acts incident to his business have been in the treatment of diseases, infirmities, ailments or injuries to human beings without the use of drugs or medicine and which treatment is and has been solely and exclusively by manipulations applied to nerve centers, bones, muscles or ligaments; (2) that defendant’s acts constitute the practice of osteopathy as defined in LSA-R.S. 37:1111, and (3) that the Louisiana State Board of Medical Examiners is without interest or right of action against him since it has no legal authority under said statute.
The issues thus tendered were tried upon a stipulation or agreed statement of facts, wherein it was stipulated that if witnesses were produced, evidence adduced and testimony taken, these material facts would be established:
“1.
“That the defendant, Paul J. Adams, is holding himself out to the public as being engaged in the practice of Chiropractic in the City of Monroe, Ouachita Parish, Louisiana, and maintains an office and place of business in said City, Parish and State for that purpose.
*284 “2.
“That the said defendant is engaged in the practice of Chiropractic in said City, Parish and State, and for such purpose receives, diagnoses and treats patients for bodily diseases, conditions, infirmities, ailments and/or injuries by the use of physical force applied to such patients by manual manipulation of the spine, of the vertebra of the spinal column and of the nerve centers of the body, which manipulation is for the purpose of removing and relieving bodily diseases, conditions, infirmities, ailments, injuries, pain or suffering; that the defendant does not use drugs or X-rays or any other treatment other than set forth.
“3.
“That said practice of the defendant consists of examining said patients, taking their case histories and thereafter treating and adjusting such patients by the use of manual force applied to the body of said patients in the manner described in Paragraph Two (2) above.
“4.
“That the services rendered by the defendant herein were and are paid for by said patients for a price and for a fee agreed upon between him and said patients.
"5.
“That the defendant herein is a graduate of a college which teaches the chiropractic method of treatment.
“6.
“That the said defendant, Paul J. Adams, does not now and has never either received or been issued a Certificate or Permit provided for in and under the provisions of Title 37-1261-1290 of the Louisiana Revised Statutes of 1950, as amended.
“7.
“That Rett McMahon, M. D., is President of the Louisiana State Board of Medical Examiners and has been and is authorized by said Board to institute and prosecute this proceeding in the name of said Board against the-said defendant, Paul J. Adams.
“8.
“That plaintiff herein has retained Attorneys to represent it in this cause- and it is agreed that the value of the services of said Attorneys is at least the sum of Fifty Dollars ($50.00).”
It is well settled in the jurisprudence of this State that the practices admittedly engaged in by the defendant, including the practice of chiropractic, constitute the practice of medicine. Allopathic State Board of Medical Examiners v. Fowler, 50 La.Ann. 1358, 24 So. 809; Louisiana State Board of Medical Examiners v. Charpentier, 140 La. 405, 73 So. 248; Louisiana State Board of Medical Exam iners v. Vincent, 140 La. 411, 73 So. 250; Louisiana State Board of Medical Examiners v. Cronk, 157 La. 321, 102 So. 415; Louisiana State Board of Medical Examiners v. Fife, 162 La. 681, 111 So. 58, 54 A. L.R. 594; Fife v. Louisiana State Board of Medical Examiners, 274 U.S. 720, 47 S.Ct. 590, 71 L.Ed. 1324; Louisiana State Board of Medical Examiners v. Beatty, 220 La. 1, 55 So.2d 761; Louisiana State Board of Medical Examiners v. McHenery, 222 La. 984, 64 So.2d 242; State Board of Medical Examiners v. McHenery, La.App., 69 So.2d 592; Louisiana State Board of Medical Examiners v. Tackett, La.App., 71 So.2d 137; Louisiana State Board of Medical Examiners v. Booth, La.App., 76 So.2d 15; Louisiana State Board of Medical Examiners v. Fisher, La.App., 76 So.2d 56; Louisiana State Board of Medical Examiners v. Weller, La.App., 77 So.2d 166; Louisiana State Board of Medical Examiners v. Barber, La.App., 78 So.2d 60.
However, in claiming that his practices relate solely to the practice of osteopathy, defendant contends that he is exempt from the provisions of the aforesaid Medical Practice Act and that the Louisiana State Board of Medical Examiners is without in *285 terest or right to proceed against him. With this contention we are unable to agree. The practice of medicine, defined in LSA-R.S. 37:1261, as follows:
“As used in this Part, ‘the practice of medicine, surgery, or midwifery’ means the holding out of one’s self to the public as being engaged in the business of diagnosing, treating, curing, or relieving any bodily or mental disease, condition, infirmity, deformity, defect, ailment, or injury in any human being other than himself whether by the use of any drug, instrument or force, whether physical or psychic, or of what other nature, or any other agency or means; or the examining, either gratuitously or for compensation, of any person or material from any person for such purpose whether such drug, instrument, force, or other agency or means is applied or used by the patient or by another person; or the attending of a woman in childbirth without the aid of a licensed physician, surgeon or midwife; or the using of any other title other than optician, to indicate that he is engaged in the business of refracting or fitting glasses to the human eye”,
includes the practice of osteopathy as defined in LSA-R.S. 37:1111:
“ ‘Osteopathy’ means the treatment of disease, infirmity, deformity, defect, ailment, or injury of a human being, by manipulations applied to the nerve centers, bones, muscles or ligaments, without the use of drugs or medicine, except antiseptics and anodynes locally applied.”
It was contended in Louisiana State Board of Medical Examiners v. Beatty, supra, that the legislature by enacting Act 91 of 1932, the source of the osteopathy statute, modified the general definition of the practice of medicine so as to exclude therefrom chiropractors and others who treat by the application of physical pressure. In substance, that is the contention made here. That contention, however, was overruled by the Supreme Court by Mr. Justice McCaleb of the Supreme Court, who stated [220 La. 1, 55 So.2d 762]:
“We are unable to perceive merit in this proposition. Act 56 of 1914, as amended [LSA-R.S. 37:1261 et seq.], is a broad and all inclusive statute covering the entire field of the healing art in this State and the practice of medicine as defined therein embraces every known type or method of treatment for the relief or cure of ailments or disease. The practice of osteopathy, dentistry and optometry, like that of chiropractic, falls within the scope of the Act and osteopaths, dentists and optometrists would be amenable to its provisions but for the exemption which the Legislature has seen fit to grant them when they are legally licensed to practice in their respective fields. Hence, by specially defining the practice of osteopathy in Act 91 of 1932, the Legislature neither intended to, nor did it, contract the scope of the definition of the practice of medicine so as to exclude therefrom the type of healing practiced by appellants.” (Emphasis supplied.)
As was held in the Beatty case, the practice of osteopathy and chiropractic, as well as dentistry and optometry, falls within the scope of the Medical Practice Act and those practicing as such are amenable to its provisions, except when they are legally licensed to practice in their respective fields. The statute, LSA-R.S. 37:1290, provides :
“None of the provisions of this Part shall apply to:
******
“(4) Licensed dentists, pharmacists, osteopaths, practicing according to law; * * (Emphasis supplied.)
In the instant case it is not shown that defendant is licensed as an osteopath and thereby brought within the exemption provided by the statute. The burden was upon the defendant to show that he. was a licensed osteopath and as such came within *286 the exemption. In this he has failed. Louisiana State Board of Medical Examiners v. McHenery, supra. It is only when practicing osteopathy and licensed as such one is exempt from the provisions of the Medical Practice Act.
It is our conclusion, as was that of the Supreme Court in the Beatty case, that the practice of osteopathy by an unlicensed osteopath is prohibited by the Medical Practice Act, and that the Louisiana State Board of Medical Examiners has jurisdiction over and a right and interest in such practice and in a suit to restrain such illegal acts.
Finding no error in the judgment appealed, for the reasons herein assigned, it is affirmed at appellant’s cost.
Affirmed.