TATE, Judge.'
Plaintiff Board obtained a permanent 'injunction under LSA-R.S. 37:1286 • of the Medical Practice Act restraining defendant Stephenson from “in any manner prac-tising medicine” until he shall have obtained the necessary certificate required by law.
It is well established by our jurisprudence that included in the activities which cannot be engaged in without a medical license is the practice of chiropractic, or the holding oneself out to the public as being engaged in the business of diagnosing illness and treating same by application of physical force to (i. e., the manual “adjusting” of) the joints of the body, especially the vertibrae of the spinal column; LSA-R.S. 37:1261; Louisiana State Board of Medical Examiners v. Fife, 162 La. 681, 111 So. 58, 54 A.L.R. 594; State Board of Medical Examiners v. Cronk, 157 La. 321, 102 So. 415; State Board of Medical Examiners v. Mooring, La.App., 86 So.2d 641; State Board of Medical Examiners v. Wimberly, La.App., 85 So.2d 679; State Board of Medical Examiners v. Adams, La.App., 84 So.2d 282; State Board of Medical Examiners v. Barber, La.App., 78 So.2d 60; State Board of Medical Examiners v. Fisher, La.App., 76 So.2d 56; State Board of Medical Examiners v. Booth, La. App., 76 So.2d 15; State Board of Medical Examiners v. Tackett, La.App., 71 So. 2d 137; State Board of Medical Examiners v. McHenery, La.App., 69 So.2d 592.
The plaintiff Board called two w..nesses, both paid investigators. John Huber testified that in October, 1955, Dr. Stephenson had treated him by the manual massage utilized by chiropractic techniques to reduce his blood pressure. Louis Whitesell testified that in October and again in De *331 cember of 1955, Dr. Stephenson had treated him by massage and physical pressure on the spine, head, and neck for his sinus complaints.
Pointing out that both Huber and White-sell admitted that they had never seen the defendant Stephenson since the dates of treatment, approximately seven and four months respectively before the petition was filed, counsel for Stephenson urges with considerable astuteness that plaintiff Board had not borne its burden of proving that defendant Stephenson was engaging in similar practices at the time of filing the petition herein, which alleged Stephenson “is holding himself out” as “in the business of diagnosing, treating, curing or relieving bodily or mentally diseases” in violation of the Medical Practice Act of Louisiana.
Stephenson had availed himself of his constitutional privilege against self incrimination and had refused to testify other than to his name and address. Other than the testimony of these two investigators, and the fact that the DeRidder telephone book listed petitioner as “Dr.” Stephenson, the Board made no further effort to prove that Stephenson had continued in the practice of chiropractic, or had been engaged in said practice other than on the three occasions to which its investigators testified ; although he did admit that some members of the audience at his trial were his “patients”.
Therefore, defendant urges, the drastic remedy of the injunction, placing the full power of the State on the side of one individual or group of individuals, and restricting the liberty of another individual upon penalty of contempt, should not be granted except where the established facts are clear and convincing, Johnson v. Nora, La.App. 2 Cir., 87 So.2d 757.
We think, however, the District Court could without manifest error draw an inference from this proof of the illegal practice of chiropractic, or medicine, on three occasions over two months, as corroborated by the telephone listing and the use of the title “Doctor”, that defendant continued in such practice up through the time the injunction suit was filed four months later— at least, in the absence of contrary testimony by defendant.
“Proof of the existence at a particular time of a fact of a continuous nature gives-rise to an inference or rebuttable presumption that the fact exists at a subsequent, time. * * * The limits of time within' which the inference of continuance possesses sufficient probative force to be relevant' vary with each case. Always strongest ira the beginning the inference steadily diminishes in force with lapse of time.” 31 C.J.S., Evidence, § 124, pp. 736-737. “[T]he presumption applies to statutory violations of a continuous nature, such as engaging in a business or profession, or doing some other act, without having secured the required license or permit,” 31 C.J.S., p. 745, Idem.
See 20 Am.Jr. 205, Section 207; Texas & N. O. Ry. Co. v. Miller & Co., La.App. Orleans, 4 So.2d 762 (syllabus 6); State v. Fray, 214 Iowa 53, 241 N.W. 663, 81 A.L.R.. 286. See also: State v. Rose, 147 La. 243, 247-249, 84 So. 643.
For the above and foregoing reasons, the judgment of the District Court is affirmed-
Affirmed.