HARDY, Judge.
This is an injunction suit which wa.s instituted by plaintiff for the purpose of restraining defendant from the practice of medicine as defined by LSA-R.S. 37:1261— 37:1290. From a judgment granting a permanent injunction and imposing the statutory penalty and attorney’s fees, defendant has appealed.
Contemporaneously with the filing of answer defendant filed an exception of vagueness, an exception of no cause nor right of action, and a plea of unconstitutionality, all of which were overruled.
On the merits the record abundantly establishes the fact, through the testimony of witnesses tendered by both plaintiff and defendant, that this defendant engaged in the practice of chiropractic, which has long been conclusively pronounced by the courts of this State to constitute the practice of medicine and, as such, subject to statutory regulation; State Board of Medical Examiners v. McHenery, La.App., 69 So.2d 592, and cases cited therein.
It being further established that defendant was engaged in the practice of medicine without having obtained a certificate or license therefor under the provisions of the statute, the conclusion necessarily follows that he is without right to continue such unauthorized practice, and plaintiff was properly entitled to the issuance of an injunction and the allowance of the statutory penalty and attorney’s fee.
Before this court, counsel for defendant insistently re-urges the exception of no right nor cause of action and the plea of unconstitutionality. Despite the fact that we have failed to discover any issues tendered by these exceptions which have not heretofore been thoroughly considered and conclusively disposed by our jurisprudence, we think it proper to briefly note the principal grounds for counsel’s contentions.
It. is urged that plaintiff’s petition in the instant case is defective in that it alleges the violation of “Sections 37:1261-1290 of the Louisiana Revised Statutes of 1950.” Learned counsel attempts to distinguish this case from the McHenery case, cited supra, and the case of Louisiana State Board of Medical Examiners v. Tackett, La.App., 71 So.2d 137, on the ground that in the cited cases defendants were charged with violating a specific section of the statute, whereas in the present cause defendant is charged with violating every section of the Act. We think this is a distinction without a difference for, certainly, the charge of violating the whole constitutes the charge of violating a part and the greater comprehends the less.
The plea of unconstitutionality appears to be aimed at much the same proposition, for counsel contends that
“defendant is charged with violating an entire act and no specific component thereof. The effect is that the defendant is charged by reference to matters no concern of his, such as quorum, appointment- of the board, duties, etc. It would appear farcical to hold defendant responsible for failure of.the Governor to act, etc.”
It must be considered, in the light of reason, that the general charge of violation of a particular statute is restricted to the only violations with which defendant could be charged. Since it is apparent that defendant could not be charged with a violation of any of the administrative provisions of the statute, we find no validity in the super-technical and utterly unreasonable argument.
There can be no question as to the correctness of the conclusion that defendant was sufficiently informed of the offense with which he was charged, nor is there ground for the finding that he has been in any sense or any degree prejudiced by the general nature of the allegation of plaintiff’s petition.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.