AYRES, Judge.
This is an action purportedly instituted by the Louisiana State Board of Medical *413 Examiners under the authority of LSA-R. S. 37:1261 et seq., seeking to enjoin, restrain and prohibit defendant, H. C. Sloat, from the practice of medicine in the State of Louisiana until he shall have first obtained a certificate or permit authorizing him to do so, as required by law, and further for the assessment of a penalty of $100 and an attorney’s fee of $50.
To these demands, defendant filed exceptions of want of legal and proper authority to file, institute and prosecute this action, of no right and of no cause of action and a plea of unconstitutionality of the aforesaid medical practice statute. The exception of want of legal and proper authority and plea o.f unconstitutionality were overruled. The exception of no cause of action was referred to the merits. By agreement the trial of the rule for a preliminary injunction and the trial of the case on its merits were consolidated. After trial there was judgment in favor of plaintiff as prayed for enjoining and prohibiting defendant from practicing medicine until he shall have first obtained a license or permit to do so and condemning him to pay the penalty and attorney’s fees as provided in the statute and as prayed for. The judgment was silent as to the exceptions of no right of action and of no cause of action. Hence, they were tacitly overruled. From the judgment thus, rendered and signed, the defendant appealed.
Defendant strenuously reurges on appeal the aforesaid pleas and exceptions filed by him and as originally urged in the trial court. The exception of no cause of action and plea of unconstitutioriality are without merit. Identical contentions have been urged in and considered many times by the courts of appeal and by the Supreme Court of Louisiana. The constitutionality of the statute has been upheld notwithstanding what appears to be almost every conceivable ground upon which it might be attacked.. Citation of the numerous authorities so holding, as well as those overruling similar exceptions of no cause of action, appears unnecessary.
In Louisiana State Board of Medical Examiners v. Karas, La.App., 85 So.2d 354, and Louisiana State Board of Medical Examiners v. Brodnax, La.App., 85 So.2d 356, this court held that in the absence of a showing that the president of the plaintiff Board had been authorized or empowered by the Board to bring the action to enjoin a defendant from the alleged practice of medicine, the president would, not have the authority to file, institute or prosecute the action. The question presented here in the exceptions of the want or lack of legal and proper authority in the president of plaintiff Board to bring this action and of no right of action is directed not to a showing of a lack or want of authority in the Board to bring the action but rather to the want or lack of proper and legal authorization by the Board of an appropriate officer charged with the specific responsibility and duty of instituting this suit. These exceptions merit serious consideration. Plaintiff relies primarily upon a resolution purportedly adopted by plaintiff Board March 21, 1956, a copy of which is attached to its petition, and, secondarily, upon the testimony of Dr. Edwin H. Lawson, Secretary-Treasurer of the Board, as given upon the trial of the case on its merits¡ . The extract of the minutes of the alleged meeting of the Board relied upon by plaintiff reads as follows :
“Extract of Minutes
' “ ‘Be It Resolved by the Louisiana .State Board of Medical Examiners at a special meeting held in New Orleans, Louisiana, at the office of the Board, 930 Hibernia Bank Building, on March 21, 1956, that the Board bring a suit for injunction against H. C. Sloat, to 'enjoin the said H. C. Sloat'from practicing medicine in the State of Louisiana until he obtains the license to practice medicine required by law.
“ ‘Be it further resolved that Doctor Rhett McMahon, President of the Lou *414 isiana State Board of Medical Examiners, be, and he is, hereby authorized to institute such a suit on behalf of the Board and to sign the said verification of the said petition for injunction and to do all things necessary in connection with the bringing of this suit.’
“I certify that the above and foregoing is a true and exact copy of the extract of the minutes of the special meeting of the Louisiana State Board of Medical Examiners held in New Orleans, Louisiana, at the office of the Board, 930 Hibernia Bank Building, on March 21, 1956, at which meeting all members of the Board were present.
“(Signed) Edwin H. Lawson, M. D.
“Edwin H. Lawson, M. D.
“(Seal) Secretary-Treasurer.”
Defendant contends that this extract of the purported minutes does not evidence the adoption of a resolution authorizing an action by the Board against him or designating the president of the Board to institute such an action against him. That the purported resolution is correct as to form and full and complete as to substance admits of no contrary contention. The point of contention, however, is that it is nowhere shown that the resolution was legally or properly adopted. It is noted in that regard, however, that the certificate of the Secretary-Treasurer, while attesting the fact that all members of the Board were present at a meeting, does not evidence that the resolution as set forth as an extract of the minutes was in fact adopted. Moreover, it is not shown that the resolution was offered for adoption or that any vote was taken thereon, or, if a vote was taken, what the result thereof was. Objections were sustained to questions propounded to Dr. Lawson, Secretary-Treasurer of the Board, during the trial of the merits of the case relative to the matter of the adoption of the resolution, and the evidence was excluded. Notwithstanding that the court sustained objections to any testimony to enlarge or change or vary the purported resolution, nevertheless, plaintiff contends that the following question and answer establish the adoption of the resolution:
“Q. Doctor, I show you a copy of an extract of minutes with a certificate at the bottom signed Edwin H. Lawson, M. D., Secretary-Treasurer, and ask you if that is your signature and if that extract of the minutes reflects a true and exact copy of the resolution passed by the Board of Medical Examiners in connection with the prosecution of an injunction matter against IT. C. Sloat ? (Emphasis supplied.) A. This is my signature and I have certified that this is an extract of the minutes showing the resolution.”
 We cannot accord this statement the effect which is urged by plaintiff. In the first place, the witness does not testify that the resolution was adopted. The witness’ answer to the question propounded merely reiterates a statement contained in his certificate appended to a purported extract of the minutes of meeting of the Board. It adds nothing .thereto. Should it have the effect contended by plaintiff, then it is amenable to defendant's objection and the court’s ruling excluding any testimony that would enlarge the pleadings and change or vary the resolution. There is, therefore, no showing in the record that the resolution was properly passed or, indeed, that it was adopted at all. Concededly, the objection and its support, for the reasons above set forth, are highly technical, but it must be borne in mind that the proceeding is quasi criminal in nature and that the injunctive process is a harsh remedy. Indeed, so harsh is the remedy by in-junctive process that amendments to defective pleadings are not permitted. With respect to the general rule for the allowance of amendments to pleadings, Professor McMahon, in 9 Tulane Law Review 17-51, states:
“However, there has always been one important exception to this rule: *415 where the plaintiff seeks the issuance of a conservatory writ — such a writ being an extremely harsh remedy which is only extended where the formalities of the law have been strictly and literally complied with — no amendment will he permitted after the defendant has excepted to the petition, or moved to dissolve the conservatory writ.” (Emphasis supplied.)
See also Terzia v. The Grand Leader, 176 La. 151, 145 So. 363, 366; Salter v. Walsworth, La.App., 167 So. 494. The nature of the action being, as aforesaid, also quasi criminal, only makes it more imperative there be a strict and literal compliance with the formalities of' law.
The specific authorization for the issuance of an injunction under the Medical Practice Act is found in LSA-R.S. 37:1286, which empowers the Board, through its proper officer, to cause to be issued a writ enjoining any person from practicing medicine until such person shall have first been granted a license or permit to do so. For the above reasons, the record does not establish that the action brought by the Board against this defendant was authorized by the Board or that it was instituted by the Board through its proper officer, duly authorized and directed by the Board. Under these circumstances, we are resolved that these exceptions should have been sustained.
Accordingly, the judgment appealed is annulled, reversed, avoided and set aside, and it is now ordered, adjudged and decreed that the exception of a lack or want of proper or legál authority to institute and prosecute this action and the exception of no right of action be and they are hereby sustained, and, accordingly, plaintiff’s suit is hereby dismissed and the injunction annulled and set aside. In accordance with the statutory provisions relieving plaintiff Board of all court costs, except stenographer’s costs, appellee herein is assessed with the stenographer’s costs.
Reversed. Exceptions of want of legal and proper authority and of no right of action sustained and suit dismissed.