AYRES, Judge.
The object of this action is stated in our original opinion, wherein we sustained exceptions of no right of action and of the want or lack of legal authority in the president of plaintiff Board to institute and prosecute this action to the extent of permitting plaintiff to establish, if it could, by legal and competent evidence, the requisite authority in the president of the Board, and accordingly remanded the' cause for that purpose. On the remand trial was had and evidence adduced on the aforesaid issues, which established that the resolution of the Board authorizing this action and directing its president to file, institute and prosecute the same, was duly and properly adopted at a meeting attended by all members of the Board, who voted unanimously in favor of the resolution. This action of the Board is established not only by the original resolution and minutes of the Board meeting, *849 copies of which were duly certified by the Secretary of the Board and filed in evidence, but by the testimony of both the President and Secretary of the Board. Therefore, the trial court properly overruled the aforesaid exceptions.
On the Merits.
The issue is whether defendant is engaged in the practice of medicine without first having obtained a license or certificate authorizing him to do so, as required by LSA-R.S. 37:1261 et seq. Defendant does not claim to have obtained such authority and the evidence establishes that he was not so authorized. Therefore, the issue is one of fact. The defendant admitted he had no license to practice medicine, that he was a graduate Chiropractor and that he was practicing the profession or avocation of Chiropractic at 115 Dalton Street in the City of Bastrop, Louisiana, where he received patients for Chiropractic treatments and adjustments, in the course of which he used a neurocalograph to determine nerve pressure and took X-rays for “analytical purposes”. The defendant for a period of time had a sign in front of his office, reading: “Dr. H. C. Sloat, Chiropractor, 115 Dalton, Ph. 2591.” Additionally an advertisement was carried by him in the Bastrop Daily Enterprise announcing the opening on October 17, 1955, of his Chiropractic office at his aforesaid address, listing his telephone number and office hours. The record leaves no doubt but that defendant is and was pursuing the avocation of a Chiropractor. Several witnesses testified of examinations made by him of them for various and sundry complaints and of receiving from defendant Chiropractor treatments and adjustments. For these services defendant charged and was paid certain fees.
It is well established in the jurisprudence of this state that the practices shown to be engaged in by defendant, including the practice of Chiropractic, constitute the practice of medicine. Louisiana State Board of Medical Examiners v. Mooring, La.App.1956, 86 So.2d 641; Louisiana State Board of Medical Examiners v. Wimberly, La.App.1956, 85 So.2d 679; Louisiana State Board of Medical Examiners v. Adams, La.App.1955, 84 So.2d 282, and authorities cited therein.
The conclusion is, therefore, inescapable from the facts clearly established in the record that defendant is engaged in a practice constituting the practice of medicine within the provisions of the Medical Practice Act and that he is engaged in such practice notwithstanding his failure to first obtain a license or certificate authorizing him to do so. Accordingly, it appears that the judgment appealed is eminently correct and it, therefore, should be, and it is hereby affirmed at appellant’s cost.
Affirmed.