PER CURIAM.
The Louisiana State Board of Medical Examiners, in the instant proceedings, sought an injunction and penalties against the defendants in these two suits based upon their alleged practice of medicine without a certificate. The defendants answered and prayed for trial by jury. Upon the denial of the request for a jury trial, the defendants prayed for an appeal from the interlocutory judgment as being one causing him irreparable damage, under authority of Wilson Sporting Goods Co. v. Alwes, La.App. 1 Cir., 17 So.2d 382, as well as Southern Baptist Hospital v. Williams, La.App.Orleans, 89 So.2d 769, and cases therein cited. The District Court denied defendants’ motion for an appeal.
Since the defendants’ application indicated a prima facie case entitling them to an appeal by authority of the cited cases, a restraining order was granted until final consideration by the Court of this application, restraining all further proceedings below until final disposition of this application.
Not called to our attention was the specific legislative provision in LSA-R.S. 37:-1286, under which the present proceedings growing out of the alleged unauthorized practice of medicine by the defendants-applicants was instituted: “The trial of the proceeding by injunction shall be summary and by the judge without a jury." (Emphasis ours.) Under this provision, it is clear that the defendants are totally without right to a trial by jury under the specific mandate of the Legislature; and it appears to us to be equally clear that in view of this legislative mandate, the District Court’s rulings were correct.
For the foregoing reasons, the restraining orders previously issued upon this application are rescinded, and the rules to show cause why writs of prohibition and mandamus should not issue are recalled, and the applications are denied.