TATE, Judge.
Per the demand of plaintiff hoard’s suit, defendant, a self-admitted chiropractor, was enjoined from the practice of medicine without a license and was assessed the statutory penalties, all as provided by LSA-R.S. 37 :1286. Defendant suspensively appeals from such judgment.
Defendant, testified that he was a trained chiropractor, and that he treated ailments by the adjustment (or manual manipulation) of the vertebrae in order “to remove nerve interference which we say is the primary cause for lowering the resistance of the body to diseases”. He produced a witness who stated that such chiropractic treatment had been very beneficial to him; by stipulation, a long list of the names of others who would similarly testify is included in the record.
Plaintiff’s initial contention is that the practice of chiropractic is not the practice of medicine and is therefore not subject to the regulatory statute in question. However, this contention has been rejected by a long line of jurisprudence; and it is well settled that the practice of chiropractic is among the activities which cannot be engaged in without a medical license. See the many authorities cited in Louisiana State Board of Medical Examiners v. Stephenson, La.App. 1 Cir., 93 So. 2d 330 and in Louisiana State Board of Medical Examiners v. Adams, La.App. 2 Cir., 84 So.2d 282.
Defendant next urges that, if the medical practice act attempts to regulate the practice of chiropractic, then it is unconstitutional upon thirteen alleged grounds, many of which are patently without merit and will not be discussed. Insofar as defendant bases his argument of unconstitutionality upon an alleged violation of the due process or equal protection clauses of the federal and/or State constitutions, or upon an alleged deprivation of defendant’s right to earn a living, such contentions were rejected in Louisiana State Board of Medical Examiners v. Fife, 162 La. 681, 111 So. 58, 54 A.L.R. 594, and Louisiana State Board of Medical Examiners v. Cronk, 157 La. 321, 102 So. 415. These cases and the succeeding jurisprudence have held that the State, in the execution of its police power and for the protection of the public health, is authorized to determine what constitutes the practice of medicine and to regulate same.
Defendant re-urges on appeal his exception addressed to the alleged want of capacity of the plaintiff Board to institute the present suit.
This exception is allegedly based upon Louisiana State Board of Examiners v. Sloat, La.App. 2 Cir., 91 So.2d 412, which held that the resolution of the Board there introduced did not sufficiently establish that the Board had authorized the institution of the legal proceedings therein. However, unlike that resolution, in the present case a certified copy and extract from the Board’s minutes shows that at a regular business meeting of said Board at which a-quorum (all members) was present, the-present resolution authorizing the President of said Board to institute this suit was offered, duly seconded, and unanimously adopted. Thus, the resolution adequately proves the Board’s authorization of the present action against defendant. Cf., Louisiana State Board of Medical Examiners v. Sloat, La.App. 2 Cir., 95 So.2d 848.
Defendant further urges that the resolution, certified as a true copy by the Secretary-Treasurer of the Board under *736 the Board’s official seal, does not adequately prove such authorization and that it was necessary to prove the adoption of the resolution through the testimony of the Board’s Secretary-Treasurer, President, and/or members. This argument overlooks LSA-R.S. 13:3711, 13:3712, which provide that copies of any records of administrative boards or departments shall be admitted in evidence, “when certified as being true copies by the official, officer, or employee in whose custody they may be”, and that such certified copies “shall be prima facie proof of the existence and contents of the original and of any act, transaction or occurrence or event as a memorandum of which such books, records, papers or documents were kept or made”. See also Sinagra v. Illinois Cent. R. Co., 220 La. 205, 56 So.2d 233; Surget v. Newman, 43 La.Ann. 873, 9 So. 561.
Based upon the circumstance that the present petition initially sought by rule to obtain a preliminary injunction (further praying that in due course a permanent injunction issue herein), defendant attacks the issuance of the injunction herein: (a) allegedly because LSA-R.S. 37:1286 does not authorize issuance of preliminary injunctions; and (b) because allegedly no injunction can issue unless irreparable injury is shown. As to both of these arguments, the simple answer is that by LSA-R.S. 37:1286 the Legislature authorized the Board to obtain “a writ of injunction” in such cases as.the present, without specifying that irreparable injury must be shown and without specifying that such writ should be limited either to a preliminary or to a permanent injunction.
We note that counsel for appellant is of the impression that a preliminary injunction issued herein, whereas the judgment appealed from actually granted a permanent injunction. The minutes reflect that the initial rule nisi for the preliminary injunction was continued to December 7, 1956; and the minutes for which latter date reflect that exceptions were taken up and referred to the merits, following which counsel for defendant “filed answer [to the merits], and the case was taken upon the merits and after hearing all of the testimony the matter was submitted on briefs to be filed.”
Thus, unlike in Baton Rouge Cigarette Service, Inc. v. Bloomenstiel, La.App. 1 Cir., 88 So.2d 742 and Elum v. Kling, La. App. 1 Cir., 90 So.2d 881, where judgments were set aside which had been rendered on the merits upon the trial only of a rule for the preliminary injunction; the present judgment granting a permanent injunction was rendered only after a trial upon the merits was had, following the filing of defendant’s answer to the petition on the merits (there being no requirement that the rule for the preliminary injunction be tried in advance of the trial on the merits, see Louisiana State Board of Medical Examiners v. Wimberly, La.App. 1 Cir., 85 So.2d 679).
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.