LOTTINGER, Judge.
These are companion suits by the Louisiana State Board of Medical Examiners seeking to enjoin the individual defendants, namely, William S. Boyd, Herman J. Racca, Melvin D. Eastman, and Jerry R. England, from practicing medicine in the State of Louisiana without first having obtained certificates of permits under the provisions of Louisiana Revised Statutes of 1950, Title 37, Section 1270. The four cases were consolidated for trial below, and the Lower Court awarded per *828 manent injunctions against the various defendants wherein they were permanently enjoined from practicing medicine in the State. The defendants are what is commonly referred to as “chiropractors”.
The defendants have taken a suspensive appeal to this Court, seeking a reversal of the judgment below. As an alternative to their said appeal, they seek a stay order based upon a suit filed by the defendants against the petitioner in the-Federal Court. It is alleged, and shown, that the federal case is based upon the federal question of whether or not Title 37, Section 1261 violates Section 1 of the Fourteenth Amendment of the Constitution of the United States.
The Federal District Court for the Eastern District of Louisiana rendered a judgment dismissing the federal suit upon the grounds that there was no federal question involved. However, the United States Court of Appeals for the Fifth Circuit, in the cause entitled England v. Louisiana State Board of Medical Examiners, 259 F.2d 626, rehearing denied 263 F.2d 661, reversed the decision of the Lower Court and remanded same to the Lower Court for trial on the merits so that a determination may be made as to whether or not the Louisiana Act is so arbitrary and unreasonable as to amount to a denial of due process or the equal protection of the laws under the Fourteenth Amendment of the United States Constitution, or in other words, the Federal Appellate Court desired to have evidence submitted before determining whether or not a federal question is involved. Inasmuch as the questions presented in the suits which are now before us are the same as are presented in the federal suit, and as both suits- are between the same parties, it is the opinion of this Court that the cases which are now before us should be held in abeyance here until such time as the basic issues involved have been finally determined by the Federal Courts.
For the reasons given, these causes are stayed, and held in abeyance here until a final determination of Jerry R. England v. Louisiana State Board of Medical Examiners, is made by the Federal Courts, and/or subject to the further orders of this Court.