PER CURIAM,
In this and six other appeals decided by this court this date, the plaintiff Board obtained judgments in the trial courts enjoining the defendant chiropractors from practicing medicine in Louisiana without having first obtained certificates to do so under the provisions of the Louisiana Medical Practice Act (LSA-R.S. 37:1261 et seq., esp. 1270, 1286), and the defendants took suspen-sive appeals from the judgments of the respective district courts. See companion -opinions rendered this day in suits by the plaintiff Louisiana State Board of Medical Examiners v. Metzel, 130 So.2d 668; Stephenson, 130 So.2d 669; Boyd, 130 So.2d 669; England, 130 So.2d 671; Eastman, 130 So.2d 671 and Racca, 130 So.2d 672.
The principal issues involved in all these appeals relate to the alleged unconstitutionality of the Louisiana Medical Practice Act insofar as it is construed as prohibiting the practice of chiropractic without a certificate to practice medicine issued by the Louisiana State Board of Medical Examiners. See: Louisiana State Board, etc. v. Beatty, 220 La. 1, 55 So.2d 761; Louisiana State Board, etc. v. Fife, 162 La. 681, 111 So. 58, 54 A.L.R. 594, affirmed 274 U.S. 720, 47 S.Ct. 590, 71 L.Ed. 1324; Louisiana State Board, etc. v. Cronk, 157 La. 321, 102 So. 415.
The Louisiana Court of Appeal, First Circuit, which had jurisdiction of these appeals prior to the constitutional revision of our State’s appellate court structure and. the consequent transfer of them to the present court (see especially Article VII, Section 30, as amended by Act 593 of 1960), had stayed proceedings in all such appeals (see Louisiana State Board of Medical Examiners v. Stephenson, 108 So.2d 826; Louisiana State Board of Medical Examiners v. Boyd, 108 So.2d 827; Louisiana State Board of Medical Examiners v. Arton, 109 So.2d 249) pending a re-evaluation, pursuant to federal court proceedings, of the constitutional questions involved (see England v. La. State Board of Medical Examiners, 5 Cir., 259 F.2d 626; 263 F.2d 661). Subsequently, upon remand to a three-judge federal district court to consider the constitutional issues involved, such federal court abstained from passing upon the constitutional questions raised, staying further federal courts proceedings until the Louisiana state courts “shall have been afforded an opportunity to determine the issues here presented”, although the federal court stated it was “retaining jurisdiction to take such steps as may be necessary for the just disposition of the litigation”. 180 F.Supp. 121, at page 124.
Accordingly, a declaratory judgment action was filed in Louisiana state courts by over one hundred chiropractors, including all of the defendants in the present companion appeals, in which a re-evaluation of the constitutionality of Louisiana’s failure to permit the practice of chiropractic was sought, with regard to the considerations suggested by the federal court decisions above-cited. After thorough consideration, the lower and appellate state courts again reaffirmed the previous judicial interpretations of the Louisiana Medical Practice Act enacted by our legislature, and all of the attacks upon the constitutionality of such regulation of their profession advanced by the present defendant chiropractors were rejected. See England v. Louisiana State Board of Medical Examiners, La. App. 1 Cir., 126 So.2d 51. On February 15, 1961, our State Supreme Court denied application for writs of certiorari and review filed by the attorneys for the chiropractors, stating that the above-cited judgment of the First Circuit Court of Appeal was correct. *668 See Docket No. 45,509, Louisiana Supreme Court.
Following the denial of writs in the England case, this court rescinded the stays of proceedings previously issued in these seven appeals and, in due course, fixed them for oral argument on the hearing docket in accordance with the rules of court. We are now deciding this and the companion appeals following their submission following argument.
 Our State’s highest court having consistently held that the failure of the legislature to permit the practice of chiropractic does not violate any constitutional right of those trained in this profession, this court must likewise so hold, observing as did our brothers of the First Circuit that “the question as to the licensing of a person to practice chiropractic is one that addresses itself to the Legislature,” 126. So.2d 56.
The defendant chiropractors have again filed a motion to continue the stay of proceedings before this court in the present and the companion appeals, pointing out that the case of England v. Louisiana State Board of Medical Examiners, 180 F.Supp. 121, is pending before the United States three-judge court for Eastern District of Louisiana; that in such proceeding they have recently moved to vacate said court’s order abstaining from decision of the constitutional questions pending a re-evaluation by the Louisiana state courts; that these chiropractors and their co-plaintiffs in the federal suit seek in such federal court a decision of the various federal constitutional questions presented unsuccessfully before us now and before other State trial and appellate courts in the past; and that they have also prayed in such federal suit for an order restraining the Louisiana State Board of Medical Examiners from instituting or maintaining any action in state court pending a final determination in federal court of such constitutional issues. (This restraining order has not, however, been granted.)
We are unwilling to grant any further stay of proceedings in these long-pending suits in view of the recent recognition by our State Supreme Court of the validity of the legislative regulation here attacked as unconstitutional, thus affirming the long-established and uniform jurisprudence of this State.
For the foregoing reasons, the judgment of the trial court is affirmed at the cost of the defendant-appellant.
Affirmed.