PER CURIAM.
The evidence shows that the present defendant and the defendants in three similar suits consolidated with this for trial and for appeal (decrees in which companion appeals are reported at Louisiana State Board of Medical Examiners v. England, 130 So.2d 671; v. Eastman, 130 So.2d 671; and v. Racca, 130 So.2d 672) were practicing chiropractors engaged in what the Louisiana statutory law and jurisprudence has uniformly characterized as the practice of medicine in violation of the prohibition of LSA-R.S. 37:1270 that “No person shall practice medicine * * * unless he possesses a certificate” to do so issued by the Louisiana State Board of Medical Examiners. See LSA-R.S. 37:1261 et seq.; see also, e. g., Louisiana State Board, etc. v. Beatty, 220 La. 1, 55 So.2d 761; Louisiana State Board, etc. v. Lensgraf, La.App. 1 Cir., 101 So.2d 734, certiorari denied. At the suit of the plaintiff Board, these defendants were enjoined from continuing to practice without a medical certificate, and they have appealed.
At the outset, able counsel raises certain questions concerning the summary overruling of certain exceptions and the subsequent taking of evidence on January 14, 1958, on which date the rule for the preliminary injunction was tried.
The record shows that these four companion suits were filed March 23, 1957, with a rule nisi in each for a preliminary injunction initially fixed for hearing on April 8, 1957, which was extended several times. Pursuant to previous fixing, the rules were finally heard on January 14, 1958, upon which latter date the defendants filed certain exceptions, which were overruled; the evidence on the rule was then immediately taken. Reasons for judgments issuing preliminary injunctions against the defendants were rendered on April 3, 1958. After applications for rehearing were denied, the preliminary injunctions were signed on April 10.
On April 29, by mutual consent (reserving whatever objections the defendants had), the cases were submitted on the merits on the basis of the evidence taken at hearing for the preliminary injunctions. The judgments permanently enjoining the defendants from practicing medicine without certificates issued by the Board were then signed on this latter date. This latter judgment only is before us on the defendants’ appeals.
As the procedural facts related show, the defendants were not deprived of any procedural rights. They also had the full opportunity, if they had so desired, to produce any other or additional testimony at the trial on the merits of the demand for the permanent injunction, but they chose instead to submit the matter on the evidence taken at the hearing of rules for the pre *671 liminary injunction. We do not find merit in the procedural questions raised by appellants’ able counsel. See, e. g., Louisiana State Board, etc. v. Banker, La.App. 1 Cir., 100 So.2d 920, 921, certiorari denied; Louisiana State Board, etc. v. Wimberly, La.App. 1 Cir., 85 So.2d 679. '
The appellants rely primarily, however, upon their contention that the application of the Louisiana Medical Practice Act, LSA-R.S. 37:1261 et seq., is unconstitutional for various reasons insofar as it prevents chiropractors from practicing their profession. For the reasons more fully stated in Louisiana State Board of Medical Examiners v. Arton, La.App. 3 Cir., 130 So.2d 666, we are unable to agree.
Accordingly, at the cost of the defendant-appellant the trial court judgment is affirmed.
Affirmed.
SAVOY, J., recused.