PRICE, Judge.
This is a suit brought by the Louisiana State Board of Medical Examiners seeking to restrain and enjoin the defendant, Charles Hancock, from practicing medicine in the State of Louisiana until such time as he has been properly licensed in accordance with LSA-R.S. 37:1261-37:1290. Plaintiff’s petition alleges that the defendant has been holding himself out to the public as being engaged in the business of diagnosing, treating, curing and/or relieving bodily disease, conditions, etc., in other human beings by means of the practice of chiropractic in premises located at 114 Monroe Street in Minden, Louisiana.
Defendant filed an exception of no cause or right of action specifying that plaintiff’s petition does not conform to the provisions of Article 3601 of the Code of Civil Procedure requiring an allegation that irreparable injury, loss or damage may result to plaintiff if a restraining order and injunction does not issue. This exception was correctly overruled by the trial court. LSA-R.S. 37:1286 specifically grants the right to the Board of Medical Examiners to apply to a court of competent jurisdiction for injunctive relief to restrain any violation of the Medical Licensing Act. In the case of Louisiana State Board of Medical Examiners v. Lensgraf, La.App., 101 So.2d 734 (1st Cir., 1958), the court held that, because of *526 LSA-R.S. 37:1286, no allegation of irreparable injury is necessary for the Board to obtain injunctive relief.
In his answer to plaintiff’s petition, defendant admitted that he did not possess a license to practice medicine in this State, but denied the remaining allegations of the petition.
After a trial on the merits, the district court granted a preliminary injunction as prayed for by plaintiff.
Defendant has perfected this appeal, specifying as error that the judgment of the district court was erroneous because the plaintiff did not establish, by the degree of proof required by the law, that the defendant was engaged in the illegal practice of medicine.
The practice of medicine is defined in LSA-R.S. 37:1261, as follows:
“As used in this Part, ‘the practice of medicine, surgery, or mid-wifery’ means the holding out of one’s self to the public as being engaged in the business of diagnosing, treating, curing, or relieving any bodily or mental disease, condition, infirmity, deformity, defect, ailment, or injury in any human being other than himself whether by the use of any drug, instrument or force, whether physical or psychic, or of what other nature, or any other agency or means; or the examining, either gratuitously or for compensation, of any person or material from any person for such purpose whether such drug, instrument, force, or other agency or means is applied or used by the patient or by another person; or the attending of a woman in childbirth without the aid of a licensed physician, surgeon or mid-wife; or the using of any other title other than optician, to indicate that he is engaged in the business of refracting or fitting glasses to the human eye.”
From a reading of this statute it is evident that a person is practicing medicine if he holds himself out to the public as being engaged in the business of curing or relieving bodily infirmities by use of any drug, instrument or force on the person of another.
The plaintiff produced the testimony of two witnesses who had received treatment from the defendant at his location in Min-den. A Mrs. Amy Thomas testified she visited defendant’s office on February 17, 1968. Defendant asked for her age and what previous illnesses she may have had. She further testified that she was asked about her present complaint, which was soreness in her back and chest. The witness stated that defendant then manipulated or massaged her back area with his hands and stated to her that he hoped that this would help her condition. She again visited the office on February 12, 1968, and complained of strained muscles in her back and leg. The witness testified she received the same type treatment as given on her previous visit. She again visited the office for another treatment on February 27, 1968. The witness identified a letterhead reading “Minden Chiropractic Clinic”, 114 North Monroe, on which a statement of charge of $4.00 was reflected. She also identified a receipt dated February 27, 1968, stamped “Hancock Chiropractic Clinic”, which acknowledged receipt of $4.00 for a treatment.
The other witness, Mrs. Margaret De-Loach, testified to having visited the defendant on several occasions. On each visit she testified she gave her complaint of low back pain and received treatment by defendant. She described the treatment as requiring her to lie down on a low table while defendant massaged her back. No drugs were prescribed to either of these witnesses. Mrs. DeLoach testified that on her last visit a machine was used on her to take out soreness. This witness also identified several pamphlets that she acquired from defendant’s • office. One of these, entitled “Fact or Myth”, is printed by the American Chiropractic Association and contains certain information about the chiropractic profession. Another, entitled “8 Danger Signals”, describes eight symp *527 toms that may lead to serious disease and recommends that persons having these symptoms consult their family chiropractor. An additional exhibit styled “Have you been introduced to chiropractic?”, lists a number of physical disorders, among which are listed arthritis, asthma, high blood pressure, kidney disorders, and many other varied and serious diseases or disorders. A chart is reproduced showing the percentage of cases that were improved by chiropractic treatment. This pamphlet was stamped on the front cover with the words “Minden Chiropractic Clinic, 114 Monroe, Ph. FR 7-5012, Minden, Louisiana.”
In addition to the foregoing, the plaintiff offered in evidence photographs of the front of the premises located at 114 Monroe Street, disclosing signs which read “Clinic”, “Dr. Chas. Hancock, Chiropractor.”
There is no doubt from the evidence in this case that the defendant was holding out to the public that he was a Doctor of Chiropractic. The pamphlets introduced into evidence, which were being distributed through his office, held out to the public that many and various diseases or infirmities could be prevented or cured by chiropractic treatment. It should be noted that defendant did not take the stand on direct examination to refute any of the plaintiff’s witnesses’ testimony.
It has clearly been held that the practice of chiropractic is an activity which may not be engaged in without a medical license. Louisiana State Board of Medical Examiners v. Stephenson, La.App., 93 So.2d 330 (1st Cir., 1957); Louisiana State Board of Medical Examiners v. Adams, La.App., 84 So.2d 282 (2d Cir., 1955), and Louisiana State Board of Medical Examiners v. Lensgraf, supra.
From a reading of appellant’s brief it is apparent that his principal complaint of error is that there is not sufficient proof to establish that defendant was holding himself out to the public as being in the business of diagnosing, treating, etc. We feel the evidence is sufficient to justify a conclusion that the defendant was holding himself out to the public as being engaged in the business of treating bodily ills and infirmities by use of chiropractic. The defendant used the term “doctor” and “clinic” on his signs and printed materials for distribution to his customers. These terms have a medical significance to the general public. In the dissemination of the printed materials in defendant’s office the impression is conveyed to the public that many serious diseases or infirmities may be cured by chiropractic. This evidence, together with the testimony of the two witnesses who testified that the defendant took their medical complaints. and then applied treatment to their body, is sufficient to sustain the trial court’s finding that defendant was engaged in the practice of medicine as defined in LSA-R.S. 37:1261 without having obtained a license.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s cost.