TATE, Judge.
The defendants appeal from summary judgment in favor of the plaintiff bank. The judgment held the defendants liable for a monied sum. It further recognized the bank’s mortgage upon a Cadillac automobile securing said sum, and it maintained a writ of sequestration previously obtained.
By their appeal, the defendants principally contend: (1) Summary judgment was improper, since there were material disputed issues of fact; (2) The mortgage was improperly recognized, since not properly pleaded nor properly admitted in evidence; and (3) The writ of sequestration was improperly maintained, since not justified under the allegations of the petition.

Facts.

The plaintiff bank sues W. R. Alexander and his wife to obtain a judgment upon a note. The suit also prays for sequestration of a Cadillac, and for recognition of the plaintiff’s privilege arising from this sequestration as well as “independently” thereof. Made defendants are W. R. Alexander and Barbara Alexander, his wife, makers of the note.
Based on the allegations of the petition, a writ of sequestration issued, and the Cadillac was seized.
The defendants answered, denying the indebtedness. They further reconvened for damages caused by an allegedly improper sequestration. They further moved to dissolve the writ of sequestration.
The motion to dissolve the sequestration was heard at the same time as a motion for summary judgment filed by the plaintiff bank. The latter motion was based upon an affidavit and upon the deposition of the defendant Alexander annexed thereto.
The trial court refused to dissolve the sequestration as improper. It granted summary judgment for the amount of the debt due, recognizing the bank’s mortgage upon the Cadillac.
I.
The Alexanders chiefly contend that summary judgment is improper on the ground that the Mississippi affidavit introduced to prove the indebtedness was deficient as to form, and upon the further ground that the deposition of the defendant Alexander shows that he admits only $2,002 is owed rather than the $2,084.10 allowed by the trial court. The latter amount is that shown by the bank’s affidavit as the remaining amount of the indebtedness due upon the $2,945 note sued upon.
*186 The defendants further contend that the summary judgment improperly recognized the mortgage on the Cadillac, since the mortgage was not mentioned in the pleadings nor properly introduced into evidence.
We pretermit the alleged insufficiency of the Mississippi affidavit. In his deposition, the defendant Alexander admitted the execution of the note and the mortgage by himself and his wife. These were introduced and identified by Alexander at the time his deposition was taken, and he further admitted owing $2,002.
This showing is not contradicted. It shows there to be no genuine issue as to the material facts shown — that the defendants Alexander had signed the note as well as the mortgage on the Cadillac securing it, and that there was a balance due of at least $2,002. Under this uncontradicted showing, the plaintiff bank is therefore entitled to summary judgment to this extent. LSA-CCP Arts. 966-968.
The fact that there is a dispute, because the bank claims $2,084.10 is due instead of the $2,002 admitted, does not prevent a partial judgment being rendered in the lesser amount shown without dispute to be due. LSA-CCP Art. 1915(3).
 Furthermore, although the mortgage recognized was not expressly pleaded (the prayer of the petition only praying for recognition of any privilege arising “independently” of the writ of sequestration), this inadvertence or vagueness of the pleadings does not prevent summary judgment recognizing said mortgage. The note and mortgage were identified and introduced at the time the deposition of the defendant Alexander was taken. This deposition was received without objection on the trial of the motion for summary judgment. Reception of this evidence without objection had the effect of amending or amplifying the pleadings to this extent. LSA-CCP Art. 1154.
However, the judgment must be amended to reduce the balance showed due from $2,084.10 to $2,002 shown without dispute to be due. Also, the judgment recognized attorney’s fees of 33% upon the amount due, whereas the note introduced into evidence shows that attorney’s fees therein stipulated to be only 15% if the note were sued upon. Tr. 79. The judgment must be amended in these respects.
II.
The defendants further contend that the trial court judgment incorrectly maintained the writ of sequestration.
The writ of sequestration is a provisional remedy designed, during the pen-dency of an action, to preserve property upon which the plaintiff claims ownership, the right to possession, or a mortgage. LSA-CCP Art. 3571.[1] In the present instance, the sole allegation of the plaintiff bank’s petition upon which the writ of sequestration was sought was that it was within the power of the defendants to sell, dispose of, waste, or remove the property during the pendency of the action.[2]
*187 Thus, the allegations of the petition did not allege that the plaintiff bank had a mortgage or privilege upon the property, such as would justify the issuance of a writ of sequestration. Unquestionably, the allegations of the petition do not set forth grounds justifying sequestration.
The defendants contend that, in cases involving conservative writs, defects in pleadings omitting appropriate allegations cannot be cured by subsequent amendment. In so doing, the defendants rely upon a well settled line of jurisprudence existing prior to the enactment of the Code of Civil Procedure of 1960: Terzia v. The Grand Leader, 176 La. 151, 145 So. 363 (1932); Louisiana State Board of Medical Examiners v. Sloat, La.App.2d Cir., 91 So.2d 412 (1956); Salter v. Walsworth, La.App.2d Cir., 167 So. 494 (1936). These decisions did hold that defects upon which conservative writs (provisional remedies) are secured cannot be cured by subsequent amendment so as to validate a writ improvidently issued because based upon insufficiently alleged grounds. See also McMahon, The Exception of No Cause of Action in Louisiana, 9 Tul.L.Rev. 15, 51 (1934).
However, Article 1154 of the 1960 Code of Civil Procedure now provides: “When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be tried in all respects as if they had been raised by the pleading. * * * ” (Italics ours.)
Thus, the amendment (by the admission of the mortgage without objection) must under the terms of the 1960 article be treated as if raised by the original pleading. See Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 211, 227 (1969), which cites also comparable interpretations of the parent federal rule upon which Article 1154 is based.
In summary, we regard Article 1154 as legislatively overruling in part the earlier decisions relied upon by the defendants-appellants. We therefore find no error in the trial court’s judgment maintaining the writ of sequestration.

Decree.

For the foregoing reasons, the judgment of the trial court is amended to reduce the principal amount of the judgment to Two Thousand Two and No/100 ($2,002.00) Dollars, and to reduce the amount of the note-stipulated attorney’s fees to 15% thereupon. As thus amended, the judgment of the trial court is affirmed, at the cost of the defendants-appellants.
Amended and affirmed.

. The full text of this Code provision is: “When one claims the ownership or right to possession of property, or a mortgage, lien, or privilege thereon, he may have the property seized under a writ of sequestration, if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish, during the pendency of the action.”

. Article 3 of the plaintiff’s petition is as follows:
“Plaintiff is entitled to have the following property belonging to said defendants :
One (1) Cadillac (1965) Deville, 4-dr Sedan, No. B522813-6
seized forthwith under a Writ of Sequestration, according to law, on the grounds that it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish, during the pendency of the action.”