DIXON, Judge.
This is an action by the Louisiana State Board of Medical Examiners under the authority of R.S. 37:1261 et seq., seeking to enjoin, restrain and prohibit defendant, R. E. Patterson, from the practice of medicifie in the State of Louisiana until he shall have first obtained a valid certificate authorizing him to do so, as required by law, and further for the assessment of a penalty of $100.00 and an attorney’s fee of $50.00. Plaintiff’s petition alleges that the defendant has been holding himself out to the public as being engaged in the business of diagnosing, treating, curing and relieving bodily disease, conditions, infirmities, deformities, defects, ailments or injuries in human beings by means of the practice of chiropractic.
Considering the verified petition and attached affidavits, the trial judge issued the temporary restraining order, in accordance with R.S. 37:1286, on January 6, 1970.
On January 16, 1970 the case was called for trial on rule to show cause why an injunction should not be issued. A motion to transfer this matter to the criminal division, a plea of unconstitutionality, a plea of prescription and an alternative plea for trial by jury were argued by the defendant, submitted and overruled by the trial judge.
On February 12, 1970 a preliminary injunction was issued against the defendant which enjoined, restrained and prohibited him from practicing medicine in any form or department.
Defendant has perfected this appeal, assigning as error, first, that the trial judge erred when he restrained the defendant from practicing medicine in that there was no evidence to show that the defendant was “holding himself out to the public as being engaged in the business of diagnosing, treating, curing, or relieving bodily or mental disease, conditions, infirmities, deformities, defects, ailments, or injuries.”
The plaintiff introduced three witnesses who testified that they had received treatment from defendant at the Southern Chiropractic Clinic. The treatment consisted of the use of various machines, an examination, a diagnosis and an adjustment.
Plaintiff produced the defendant’s appointment cards and stationery both containing in heavy print, “Dr. R.. E. Paterson.” Several pamphlets and “flyers” from defendant’s office are in the record, urging chiropractic treatment for disease and injury.
The evidence is sufficient to justify a conclusion that the defendant was holding himself out to the public as a doctor of chiropractic. This court has on several occasions recognized that the practice of chiropractic is an activity which may not be engaged in without a. medical license. Louisiana State Board of Medical Examiners v. Hancock, 220 So.2d 525 (La.App.1969); Louisiana State Board of Medical Examiners v. Adams, 84 So.2d 282 (La.App.1955). We therefore sustain the trial court’s finding that the defendant was engaged in the practice of medicine as defined in R.S. 37:1261 without having obtained a license.
The defendant contends that the trial judge erred when he failed to sustain the plea to transfer the case to the criminal section of the First Judicial District Court because of the penalty imposed by R.S. 37:1286. Suffice it to say that the preliminary injunction signed by the trial judge does not impose the monetary penalty.
*674 It is further alleged by the defendant that the trial judge erred when he failed to sustain the plea of unconstitutionality of the medical practice act. Defendant contends that said statute is viola-tive of the due process of law and equal protection of law clauses of both the Louisiana Constitution of 1921, Article 1, Sections 2 and 6, and the United States Constitution, Amendment 14, Section 1; and that the statute is a specific law attempting to grant to a corporation or association or some individual the specific and exclusive right to prosecute alleged crimes which delegation is specifically prohibited by Article 4, Section 4 of the Louisiana Constitution of 1921. The medical practice act is not in violation of the due process or equal protection clauses of the federal and state constitutions. Louisiana State Board of Medical Examiners v. Beatty, 220 La. 1, 55 So.2d 761 (1951); Louisiana State Board of Medical Examiners v. Lensgraf, 101 So.2d 734 (La.App.1958). Nor is the act in violation of Article 4, Section 4 of the Louisiana Constitution. Louisiana State Board of Medical Examiners v. Charpentier, 140 La. 405, 73 So. 248 (1916).
Defendant has alleged in the appeal that the trial judge erred when he failed to sustain the plea of prescription. However, the evidence in the record shows that the defendant continued in the practice of chiropractic until the time the suit was filed. Louisiana State Board of Medical Examiners v. Stephenson, 93 So.2d 330 (La.App.1957).
Defendant also alleges that the trial judge erred when he failed to sustain and grant his plea for a trial by jury. In light of the plain language of R.S. 37:1286 the trial judge was correct in his refusal. State ex rel. Shurtleff v. Judge, Fifteenth Judicial District Court, 101 So.2d 494 (La.App.1958).
For the foregoing reasons the judgment appealed from is affirmed at appellant’s cost.