BOLIN, Judge.
The Louisiana State Board of Medical Examiners obtained a preliminary injunction against defendant, Fred H. Walton, enjoining him from practicing medicine without having the required certificate from the plaintiff board. Walton appeals.
Louisiana Revised Statute 37:1261 defines the practice of medicine, surgery, or midwifery as follows:
“* * * the holding out of one’s self to the public as being engaged in the business of diagnosing, treating, curing, or relieving any bodily or mental disease, condition, infirmity, deformity, defect, ailment, or injury in any human being other than himself whether by the use of any drug, instrument or force, whether physical or psychic, or of what other nature, or any other agency or means; or the examining, either gratuitously or for compensation, of any person or material from any person for such purpose whether such drug, instrument, force, or other agency or means is applied or used by the patient or by another person; * * * ."
The petition alleged defendant was engaging in the practice of chiropractic, which allegation was admitted by Mr. Walton on cross examination. When asked what type of business he was in he replied, “I am a chiropractor and we are business people, too.” The allegation that defendant did not, and does not, possess a certificate to practice medicine in the State of Louisiana is supported by an affidavit of the secretary-treasurer of the board and is apparently uncontroverted.
*794 It is settled in the jurisprudence of Louisiana that the practice of chiropractic constitutes the practice of medicine which cannot be engaged in without a medical license. See Louisiana State Board of Medical Examiners v. Adams, (La.App. 2 Cir. 1955), 84 So.2d 282, and numerous cases cited therein. Also see Louisiana State Board of Medical Examiners v. Hancock, (La.App. 2 Cir. 1969), 220 So.2d 525 and cited cases.
Louisiana Revised Statute 37:1270 provides :
“No person shall practice medicine or midwifery in any of its departments unless he possesses a certificate issued under this Part and duly recorded.”
The pertinent portion of Louisiana Revised Statute 37:1286 giving the plaintiff board authority to obtain the injunction provides:
“The board through its proper officer may cause to issue in any competent court a writ of injunction enjoining any person from practicing medicine in any of its departments, until such person obtains a certificate under the provisions of this Part. This injunction shall not be subject to being released upon bond.”
Two witnesses, both paid investigators, were called by plaintiff board. Each testified he had been contacted by a local investigating organization which had instructed him to consult with the defendant for the purpose of being treated and in order to obtain the evidence necessary to prove defendant was in fact practicing chiropractic. Both testified they had gone to defendant’s residence on different occasions and consulted with him concerning back pains; that he had used a machine for locating what he termed a pinched nerve caused by a subluxation of the vertebrae; that he had then given them adjustments and massage; that he assured them the treatments would relieve or cure their complaints and they had been told to return for further treatment. For these services the witnesses paid $4.00 per visit. They both testified they had observed a diploma in chiropractic on the wall of defendant’s office.
Three pamphlets, secured by the two witnesses from the office of defendant, were introduced into evidence. Two dealt with the benefits to be gained from chiropractic. The third, published by the Louisiana Chiropractic Patients Association, was designed to acquaint the public with the fact that Louisiana is the only state that has failed to license chiropractors.
From the above evidence we conclude the defendant was engaged in the practice of chiropractic.
Appellant seriously contends on appeal there is no evidence Walton was “holding himself out” as a doctor or chiropractor. This contention is predicated on the fact the record is devoid of any evidence of a name-plate or sign indicating Walton was a practicing chiropractor, nor was there any evidence that the two witnesses had heard of or would have gone to Walton had they not been instructed by their employer to gather the evidence for the plaintiff board. Defendant apparently was not known as “Dr. Walton”.
In our review of the statute defining the practice of medicine (La.R.S. 37:1261), in order to grant the relief plaintiff seeks we must find from the evidence, either (1) that defendant was holding himself out to the public as being engaged in the business of diagnosing, treating, curing or relieving patipnts, or (2) that he was examining * * * for compensation any person for such purpose. We conclude that having determined defendant is practicing chiropractic there-is no necessity of proving the “holding out” since the two definitions of the practice of medicine are written in the disjunctive.
*795 We have examined the four other assignments of error and find that each has been answered adversely to the defendant in a recent decision rendered by this court, Louisiana State Board of Medical Examiners v. Patterson (La.App. 2 Cir. 1970), 236 So.2d 672, citing previous Louisiana cases decisive of those issues.
For the reasons assigned the judgment of the lower court is affirmed at appellant’s cost.