DOUCET, Judge.
This is an appeal from a partial summary judgment in a contract dispute. The contract was a compromise agreement between contestants in the Succession of Wallace Reed Davidson. The contract dispute was narrowed down by pretrial discovery, particularly interrogatories and answers, and it was on the basis of the undisputed information disclosed by the answers to interrogatories that the trial judge granted the partial summary judgment. The contestant who appeals this decision urges error, arguing that his answers to interroga *1223 tories expressed only an opinion, and not a fact, and that therefore the fact dispute raised by the pleadings is still in existence. We agree with the trial court, and affirm.
This case has been in the courts a long time. Wallace Reed Davidson died in 1982. He left a will and one child, Celia Scrimp-shire. Davidson’s second wife, who was named in his will, survived him by only 60 days. The second wife also left an only child, Courtney Forrest. Celia Scrimpshire contested the will by suit filed in 1982. The Succession was opened in 1983.
In December 1983 a settlement was reached in the will contest. Pursuant to the written settlement, Courtney Forrest was to receive “8% of the fair market value of all assets comprising the gross estate of Wallace Reed Davidson”. The term “gross estate” was to be defined by resort to federal estate tax laws.
The case came to us in 1986 on a question of interpretation of “gross estate”. Succession of Davidson, 525 So.2d 16 (La. App. 3rd Cir.), writ denied, 525 So.2d 1045 (La.1988). We interpreted the term and remanded.
In 1988, Courtney Forrest renewed her demand for her 8%, alleging that the IRS had completed its audit of the federal estate tax return of the estate. She propounded interrogatories to Celia ^crimp-shire, in the latter’s capacity as administra-trix of the Succession. One interrogatory asked for the amount the Succession owed her and how it calculated that amount.
In its earlier answer to the lawsuit, the Succession had alleged that it had twice offered “payment of these contested amounts” to Forrest, and that the offers had been twice refused. The Succession’s answer to the interrogatories contained an objection to the question asking for the amount owed, claiming that to answer would force it to substitute its judgment for that of the court. When the Succession was ordered to answer following a hearing, it responded giving the amount: $44,-270.16.
The Succession also propounded interrogatories, one of which was for Courtney Forrest to state what she thought the Succession owed her under the 8% clause. Forrest responded giving the amount: $56,-880.39.
Courtney Forrest then filed a motion for partial summary judgment, asking that she have judgment for $44,270.16, the amount as to which there was no contest. The trial judge granted the motion.
On this appeal the Succession adheres to its position that what it thinks 8% is, is only an opinion, and that it has the right to a judicial determination of what is essentially the only factual dispute in the case, i.e., what 8% of the fair market value of the gross estate is. From this it argues that there remains a factual dispute in the case.
We affirm the judgment. In its answer to the petition, the Succession admitted that the gross estate less fixed deductions, as determined by the IRS, was $831,706.00. This figure will be further reduced by some as yet undetermined, but relatively small amount, before the 8% is applied. It also pleaded in its answer that it “offered payment of these contested amounts” on two different occasions, and that both offers were rejected. It admitted that it was a party to the 1983 settlement agreement and that it had the obligation of performance. These answers and admissions and the allegations of the petition, formed the issues between the parties in the lawsuit before the court. La.C.C.P. art. 1006. Thus, it is established by the pleadings of the parties that some amount was due by the Succession to Courtney Forrest.
Inasmuch as there was no dispute that some amount was due, the only dispute being how much was due, it was a subject properly within the scope of discovery to determine the monetary amount of the claim and defense of both parties. La.C.C.P. art. 1422.
Once the amount concededly owed became a part of the pleadings, it was proper to use that as evidence in the granting of a motion for partial summary judgment. Hancock Bank v. Alexander, 227 So.2d 183 (La.App. 3rd Cir.1969), affirmed *1224 237 So.2d 669 (La.1970), remanded on other grounds.
We decline to grant damages for frivolous appeal.
For these reasons, the partial summary judgment is affirmed at appellant’s-costs.
AFFIRMED.